UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SEA SHEPHERD NEW ZEALAND and, <br> SEA SHEPHERD CONSERVATION SOCIETY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, *et al.*, <br><br> Defendants, <br><br> and <br><br> NEW ZEALAND GOVERNMENT, <br><br> Defendant-Intervenor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Before:** Hon. Gary S. Katzmann, <br> Judge <br><br> Ct. No. 20-00112 |

**THE NEW ZEALAND GOVERNMENT'S SUBMISSION IN SUPPORT OF THE DEFENDANTS' MOTION FOR VOLUNTARY REMAND**

As previously authorized, the New Zealand Government ("NZG") submits additional comments supporting a remand to the National Marine Fisheries Service ("NMFS"). The NMFS has committed to complete its remand proceeding in about 2½ months, i.e., by October 30, 2020. The agency already knows the types of evidence that it must analyze in order to determine whether New Zealand's restrictions on commercial set net (gillnet) and trawl fishing satisfy the comparability standard of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1371(a)(2). This knowledge helps to ensure that NMFS can meet the deadline.

**A. There Is Almost No Risk of a Māui Dolphin Death During the Short Period In Which the NMFS Proposes to Conduct Its Remand Proceeding**

The existing restrictions, along with the additional restrictions that take effect on October 1, 2020, provide confidence that the slight delay in considering Sea Shepherd's preliminary injunction

motion is highly unlikely to result in a mortality. Specifically, the Spatial Risk Assessment that a team of independent New Zealand and international scientists prepared in 2019 reached the following conclusions:

> The estimate of Māui dolphin commercial fisheries deaths was 0.10 deaths per annum (95% CI = 0.0-0.25) in commercial set nets and 0.02 deaths per annum (95% CI = 0-0.05) in inshore trawl fisheries. No Māui dolphin captures were observed in either fishery from 1995/96 to 2016/17 (or subsequently, to June 2020) with very high observer coverage since 2013 (reflecting Ministerial directives from the previous update of the Māui dolphin TMP; MPI & DOC 2012).

See Aquatic Environment and Biodiversity Annual Review 2019-20 at 155, available at: https://www.mpi.govt.nz/dmsdocument/40980-aquatic-environment-and-biodiversity-annual-review-2019-20 (Chapter 6 summarizes the scientific evidence and analysis supporting the NZG's continuing efforts to ensure that the Māui dolphin does not become extinct). This equates to approximately one expected fishing-related mortality every 8½ years. Moreover, the October 1, 2020 measures will further reduce the (already small) likelihood of a mortality, as will an observed decline in fishing effort since 2019.

The NZG rejects Sea Shepherd's claim that, "conservative estimates indicate that 1.5-2.4 Māui dolphins die from bycatch in gillnet and trawl fisheries *each year*." Pls.' Mot. Prelim. Inj. 3, July 1, 2020, ECF No. 11 ("PI Mot.") (italics in original). This "estimate" is in fact the output of a model sensitivity that was designed to illustrate the implications of a set of assumptions. But, there is no basis to conclude that these assumptions were realistic. That is why the authors of this estimate (Cooke, et al.) themselves questioned their reliability:

> Under these runs, the absolute fisheries risk is estimated to be 15-20 times higher than was estimated by Roberts et al. (2019), (with a mean of 1.5-2.4 commercial fisheries deaths per year in the last five years, down from 3-6 per year in the early 2000s). Model fits are substantially improved. <u>However, the plausibility of such a high fisheries risk is doubtful in the absence of *a priori* reasons to expect that the catchability per encounter with fishing effort would be higher for Māui dolphins than for Hector's.</u>

See <u>Population Dynamic Modelling of the Māui Dolphin Based on Genotype Capture-Recapture with Projections Involving Bycatch and Disease Risk</u> at 2 (emphasis added), available at: https://www.mpi.govt.nz/dmsdocument/35004/direct.

Sea Shepherd has not mentioned the "doubtful plausibility" of the mortality estimate upon which they rely. Nevertheless, this implausibility further supports the NZG's position that the requested remand period is short enough to provide confidence that no additional mortality is likely to occur in the meantime. And, in any event, the conflict between the parties as to likely future mortality after the implementation of additional fishing restrictions on October 1st strongly supports a remand for resolution of this key issue.

**B. This Court Should Reject the Plaintiffs' Contention that It Should Consider the Preliminary Injunction Motion Right Now and Defer Litigation on the Merits Until Later**

Sea Shepherd now alleges that the Māui dolphin's range encompasses the entire coastline of the North Island and offshore to a depth of 100 meters:

> [The additional fishing restrictions announced on June 24, 2020 do] not go nearly far enough to protect Māui dolphins from gillnet and trawl fisheries. There are no restrictions on gillnetting and trawling along the east coast of the North Island or in the Cook Strait, and gillnets and trawling are still allowed in a significant portion of the Māui's habitat along the west coast. The restrictions do not cover all waters less than 100 meters deep as recommended by the IUCN.

PI Mot. 16–17 (citations omitted). Moreover, their "Claim One seeks a ban, pursuant to the MMPA, on the import of fish and fish products caught by commercial gillnet and trawl fisheries within the entirety of the Māui dolphin's range." Pls.' Opp'n Br. to Defs.' Mot. For Voluntary Remand 6, July 22, 2020, ECF No. 27 ("Opp'n Br."). NMFS never considered this vastly expanded definition of the range when it considered Sea Shepherd's emergency rulemaking petition. Now, however, Sea Shepherd asks this Court to accept its expansive range definition without first allowing NMFS to exercise its expertise in

order to determine whether it even exists.[1]

This Court should allow NMFS to apply its expertise in order to determine, among other things: (1) whether there is evidence of any resident population located in the expanded range; (2) the likelihood of additional deaths, if any, throughout the expanded range under the updated fishing restrictions; and (3) whether the 100 meter depth contour, rather than the extent of the turbidity (cloudiness) of the water (as the NZG contends), best determines the offshore distribution of Māui dolphins within their range.

### C. Conclusion

Sea Shepherd requests that this Court consider right now the vast amount of evidence that it has submitted in support of its preliminary injunction motion (totaling 135 pages of declarations, 159 pages of documents, and citations to at least 100 academic and scientific studies), despite the fact that NMFS has not considered most of it.  The NMFS is in the best position to evaluate this information before, not after, this Court considers the need for a preliminary injunction.  This approach poses minimal, if any, risk.

    Respectfully submitted,

    /s/ Warren E. Connelly
    Warren E. Connelly
    Robert G. Gosselink
    Kenneth N. Hammer

    **Trade Pacific PLLC**
    660 Pennsylvania Avenue, SE, Suite 401
    Washington, D.C. 20003
    Phone:  202-223-3760
    wconnelly@tradepacificlaw.com

    *Counsel for the New Zealand Government*

Date submitted:  August 11, 2020

---

[1] The Plaintiffs contend that a remand after the filing of a preliminary injunction motion is only permitted in "a clear case of hardship or inequity."  Opp'n Br. at 12.  However, Sea Shepherd has not identified any decision prohibiting a remand in circumstances like those presented here.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Section 2(B) of the Standard Chambers Procedures of this Court, that this submission contains 1,119 words, according to the word count function in Microsoft Word, which was used to prepare this submission.

/s/ Warren E. Connelly