Slip Op. 20-116

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND AND SEA SHEPHERD CONSERVATION SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, WILBUR ROSS, *in his official capacity as Secretary of Commerce,* UNITED STATES DEPARTMENT OF COMMERCE, *a United States government agency*, CHRIS OLIVER, *in his official capacity as Assistant Administrator of the National Marine Fisheries Service,* NATIONAL MARINE FISHERIES SERVICE, *a United States government agency*, STEVEN MNUCHIN, *in his official capacity as Secretary of the Treasury*, UNITED STATES DEPARTMENT OF THE TREASURY, *a United States government agency*, CHAD WOLF, *in his official capacity as Acting Secretary of Homeland Security*, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *a United States government agency,*<br><br>Defendants,<br><br>and<br><br>NEW ZEALAND GOVERNMENT,<br><br>Defendant-Intervenor. | Before: Judge Gary S. Katzmann<br>Court No. 20-00112 |

**OPINION AND ORDER**

[The court grants the Government's motion for a voluntary remand].

Dated: August 13, 2020

Lia Comerford, Earthrise Law Center at Lewis & Clark Law School, of Portland, OR, argued for plaintiffs. With her on the joint brief were Danielle Replogle; and Brett Sommermeyer Catherine Pruett, Sea Shepherd Legal, of Seattle, WA.

Stephen C. Tosini, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant. With him on the brief were Ethan P. Davis, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of Counsel Daniel J. Calhoun, Assistant Chief Counsel, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Warren E. Connelly Trade Pacific PLLC, of Washington, DC, argued for defendant-intervenor. With him on the brief were Robert G. Gosselink and Kenneth N. Hammer.

Katzmann, Judge: The critically endangered Maui dolphin (*Cephalorhynchus hectori maui*), residing exclusively in the waters surrounding New Zealand's North Island, has been deemed to be facing an extremely high risk of extinction. See Am. Compl. ¶ 38, July 20, 2020, ECF No. 23.[1] The Maui dolphin suffered a precipitous population decline since the 1970s, with an estimated population of around sixty individuals. See id. ¶ 1. Plaintiffs Sea Shepherd New Zealand and Sea Shepherd Conservation Society (collectively, "Plaintiffs") bring this suit to challenge the U.S. Department of Commerce's ("Commerce") failure to implement an import ban on fish and fish products caught with nets that threaten the Maui dolphin as required by the Marine Mammal Protection Act ("MMPA") and a denial of their petition for emergency rulemaking to implement such a ban. Id. ¶¶ 84–94. Plaintiffs allege that the decline in the Maui dolphin population is the result of "incidental capture, or bycatch, in gillnet and trawl fisheries within their range." Id. ¶ 1. In proceeding under the MMPA and filing a motion for preliminary injunction to compel the Secretary of Commerce to implement an import ban, Plaintiffs are setting forth a legal theory that was presented to this court in recently concluded litigation involving the vaquita, the world's smallest porpoise on the verge of extinction. See Natural Resources Defense Council, Inc. v. Ross, No. 18-0055, 44 CIT __, Slip Op. 20-53 (April 22, 2020). See also Natural Resources

[1] Plaintiffs moved to amend their complaint on July 20, 2020, in order to alter their jurisdictional statement. Pls.' Unopposed Mot. for Leave to File First Am. Compl., July 20, 2020, ECF No. 18. The court granted that order, July 20, 2020, ECF No. 22, and all relevant citations are to the Amended Complaint.

Defense Council, Inc. v. Ross, 42 CIT __, 331 F. Supp. 3d 1338 (2018) ("NRDC I"); Natural Resources Defense Council, Inc. v. Ross, 42 CIT __, 331 F. Supp. 3d 1381 (2018); Natural Resource Defense Council, Inc. v. Ross, 42 CIT __, 348 F. Supp. 3d 1306 (2018).

Plaintiffs have moved this court for a preliminary injunction ordering Defendants to ban the import of commercial fish and products from fish caught using gillnets and trawls in the range of the Maui dolphin. Pls.' Mot. for a Prelim. Inj. on Their First Claim for Relief, July 1, 2020, ECF No. 11. The Defendants, several United States agencies and officials (collectively, "the Government"), have moved to stay the filing of their response to Plaintiffs' pending motion and requested a voluntary remand so that NOAA Fisheries could reconsider Plaintiffs' petition for emergency rulemaking under the MMPA in light of: (1) new fishery measures implemented by the New Zealand Government ("NZG"); (2) "[NZG]'s request for a comparability assessment of its action;" and (3) new factual information presented in connection with those measures. Def.'s Mot. for Voluntary Remand at 5–6, July 17, 2020, ECF No. 17 ("Def.'s Br."). In this motion for remand, the Government is also joined by NZG, as Defendant-Intervenor. See Mot. of the NZG for Permissive Intervention as Def.-Inter., July 15, 2020, ECF No. 13; Order Granting Unopposed Mot. to Intervene as Def-Inter., July 21, 2020, ECF No. 24. The court grants that motion so that the National Oceanic and Atmospheric Administration's National Marine Fisheries Service ("NOAA Fisheries") may address the cited developments in the first instance. The Government is ordered to file the remand determination with this court no later than October 30, 2020.

**BACKGROUND**

The MMPA created a "moratorium on the taking and importation of marine mammals and marine mammal products," with certain exceptions. 16 U.S.C. § 1371(a) (2012).[2] "Congress decided to undertake this decisive action because it was greatly concerned about the maintenance of healthy populations of all species of marine mammals within the ecosystems they inhabit." Kokechik Fishermen's Ass'n v. Sec'y of Commerce, 839 F.2d 795, 801 (D.C. Cir. 1988). In overview, Congress mandated an "immediate goal that the incidental kill or incidental serious injury of marine mammals permitted in the course of commercial fishing operations be reduced to insignificant levels approaching a zero mortality and serious injury rate." 16 U.S.C. § 1371(a)(2); see also 16 U.S.C. § 1387(b) (stating the "[z]ero mortality rate goal" that "[c]ommercial fisheries shall reduce incidental mortality and serious injury of marine mammals to insignificant levels approaching a zero mortality and serious injury rate within 7 years after April 30, 1994"). To achieve this goal, the MMPA sets specific standards governing and restricting the incidental catch[3] of marine mammals, commonly referred to as "bycatch." See 16 U.S.C. §§ 1386–87.

---

[2] Unless otherwise indicated, all citations to statutes are to the 2012 edition of the United States Code, and all references to regulations are to the 2012 edition of the Code of Federal Regulations.

[3] The regulatory definitions pertaining to the MMPA provide that:

> Incidental catch means the taking of a marine mammal (1) because it is directly interfering with commercial fishing operations, or (2) as a consequence of the steps used to secure the fish in connection with commercial fishing operations: Provided, That a marine mammal so taken must immediately be returned to the sea with a minimum of injury and further, that the taking of a marine mammal, which otherwise meets the requirements of this definition shall not be considered an incidental catch of that mammal if it is used subsequently to assist in commercial fishing operations.

50 C.F.R. § 216.3.

The MMPA standards apply both to domestic commercial fisheries and to foreign fisheries that wish to export their products to the United States. At issue in this litigation is the Imports Provision, 16 U.S.C. § 1371(a)(2), under which, the Government "shall ban the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of United States standards." See generally NRDC I, 331 F. Supp. 3d 1338. Primary responsibility for the implementation of the MMPA rests with NOAA Fisheries, which is within the Department of Commerce. See 16 U.S.C. § 1362(12)(A)(i). The statute contains multiple provisions, including those which direct NOAA Fisheries to make stock assessments, assess the potential biological removal ("PBR") level, 16 U.S.C. § 1386(a)(6), and effectuate "the immediate goal that the incidental mortality or serious injury of marine mammals occurring in the course of commercial fishing operations be reduced to insignificant levels approaching a zero mortality and serious injury rate." 16 U.S.C. § 1387(a)(1).

As noted, at the center of this case is the endangered Maui dolphin of New Zealand. Plaintiffs allege that the Maui dolphin's decline and endangerment of extinction is the result of "incidental capture, or bycatch, in gillnet and trawl fisheries within their range." Am. Comp. ¶ 1. For this reason, the "Maui dolphin is listed as critically endangered by the International Union for Conservation of Nature[, which means] the subspecies is considered to be facing an extremely high risk of extinction in the wild." Am. Compl. ¶ 38. Because of the Maui dolphins' "low reproductive rate (calving every 2–4 years) and late onset of sexual maturity (7–9 years)" Maui dolphins have a low population growth rate and thus any human-caused mortality further threatens the species. Am. Compl. ¶ 40. Plaintiffs' allege that the PBR for the Maui dolphin indicates that "only one Maui dolphin roughly every 20 years could be removed from the population while still

allowing Maui dolphins to reach or maintain their optimum sustainable population." Am. Compl. ¶ 44. The Government notes that NZG's "risk assessment for Maui dolphins" indicated a PBR of 0.11 or one Maui dolphin death every ten years in order to maintain a sustainable population. Def.'s Br. at 2–3.

NZG has implemented various measures to combat incidental bycatch of the Maui dolphin since 2003. See Am. Compl. ¶ 47. According to NOAA Fisheries, NZG implemented a new threat management plan ("TMP") and regulatory regime in 2012 which includes "measures restricting set nets and trawls in certain areas of Maui dolphin habitat, and required increased observer coverage and other monitoring mechanisms." Notification of the Rejection of the Petition To Ban Imports of All Fish and Fish Products From New Zealand That Do Not Satisfy the Marine Mammal Protection Act, 84 Fed. Reg. 32,853, 32,854 (NOAA July 10, 2019) ("Petition Rejection"). Most recently, NZG implemented new regulatory measures on June 24, 2020, that will go in effect on October 1, 2020, within Maui dolphin habitat to "extend existing, and create new, areas that prohibit the use of commercial and recreational set-nets," "extend the closure to trawl fishing," "put in place a fishing-related mortality limit of one dolphin," and "prohibit the use of drift nets." Def.'s Br., Attach. A at 1.

In 2019, Plaintiffs petitioned NOAA Fisheries "for an emergency rulemaking under the [MMPA], asking [the Government] to ban the import of fish caught in gillnet and trawl fisheries in the Maui dolphin's range" because NZG's 2012 regulations were insufficient to protect the Maui dolphin. Pls.' Opp'n to Mot. for Voluntary Remand at 1, July 22, 2020, ECF No. 27 ("Pls.' Br."). See also Compl., Attach. 1; Petition Rejection. NOAA Fisheries denied this petition after reviewing "the petition, supporting documents, previous risk assessments and threat management plans and New Zealand's 2019 risk assessment and [TMP]." Petition Rejection, 84 Fed. Reg. at

32,854. NOAA Fisheries' denial relied on (1) NZG's existing regulatory program; (2) NZG's 2019 risk assessment on the effectiveness of its regulatory program; and (3) additional proposed regulatory measures that would likely further reduce Maui dolphin bycatch. Id.

On May 21, 2020, Plaintiffs initiated this suit alleging (1) that NOAA Fisheries' failure to ban imports as required by the MMPA violated 5 U.S.C. § 706(1), which prohibits an agency unlawfully withholding or unreasonably delaying action; and (2) that NOAA Fisheries' denial of its petition was arbitrary and capricious and thus violated 5 U.S.C. § 706(2)(A). Compl., ECF No. 5; Am. Compl. ¶¶ 84–94. On July 1, 2020, Plaintiffs moved for a preliminary injunction. ECF No. 11. Before responding to Plaintiffs' motion for a preliminary injunction, the Government moved for a voluntary remand in order to reconsider Plaintiffs' petition for emergency rulemaking under the MMPA. Def.'s Br. In that and a subsequent motion, the Government requested that the court stay filing deadlines in the case pending decision of the voluntary remand. Id.; Mot. to Stay Filing of Ans. and Administrative R., July 20, 2020, ECF No. 20. The court ordered a stay of all pending deadlines in the case until disposition of the Government's motion. July 21, 2020, ECF No. 21. Plaintiffs opposed the Government's motions. Pls.' Br. at 2. The Government and NZG replied in support of the Government's motion. Def.'s Reply, July 27, 2020, ECF No. 31; Reply of NZG to Sea Shepherd's Br. in Opp'n to the Defs.' Mot. for Voluntary Remand, July 31, 2020, ECF No. 33 ("NZG's Reply"). The court held oral argument on August 6, 2020. ECF No. 34. At oral argument, the Government stated that the requested remand determination by NOAA Fisheries would be completed by October 30, 2020. Id. Post argument submissions by the parties were filed on August 11, 2020. Def.'s Post-Hr'g Br., ECF No. 35; NZG's Submission in Supp. of the Def.'s Mot. for Voluntary Remand, ECF No. 36; Pls.' Suppl. Br. in Opp'n to Def.'s Mot. for Voluntary Remand, ECF No. 37.

**DISCUSSION**

The Government argues that a voluntary remand is warranted so that NOAA Fisheries may have the first opportunity to consider NZG's new fisheries measures and to perform a comparability assessment of the NZG's actions related to the Maui dolphin compared to United States standards. Def.'s Br. at 5–6. The Government also states that "the short remand might result in additional Maui dolphin protections after consultation between the United States and New Zealand, or the imposition of MMPA import restrictions," "the last officially recorded confirmed death of a Maui's dolphin from entanglement in commercial fishing gear was February 2002 in set-net gear," and "[n]o Maui dolphin has been confirmed to have been stranded due to entanglement in commercial fishing operations since 2013." Def.'s Post-Hr'g Br. at 2 (citations omitted). Plaintiffs oppose this motion stating that it will delay litigation and a decision on their motion for preliminary injunctive relief. Pls.' Br. at 2. Further, the Plaintiffs argue that the Government's remand request would only address Count Two of their complaint regarding the denial of their petition to NOAA Fisheries and not Count One pursuant to which Plaintiffs seek an injunction under the MMPA. Pls.' Br. at 2. The court concludes that remand, with a tight deadline of October 30, 2020, for reconsideration of Plaintiffs' petition and completion of the comparability assessment is appropriate. The motion for remand is thus granted.

Both parties agree that SKF USA v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001), states, in relevant part, that a district court has discretion in deciding whether to grant a request for voluntary remand. See Def.'s Br. at 5; Pls.' Br. at 5. In SKF USA, the Federal Circuit noted that "even if there are no intervening events, [an] agency may request a remand (without confessing error) in order to reconsider its previous position." 254 F.3d at 1029. Further, the Federal Circuit

stated that "if the agency's concern is substantial and legitimate, a remand is usually appropriate."[4] Id. In applying this standard, this court concluded that an agency's concern is substantial and legitimate where (1) the agency "provided a compelling justification for its remand request," (2) the need for finality "does not outweigh the justification for voluntary remand"; and (3) the "scope of [the] remand request is appropriate." Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States, 29 CIT 1516, 1522–26, 412 F. Supp. 2d 1330, 1336–39 (2005). See also Ad Hoc Shrimp Trade Action Committee v. United States, 37 CIT 67, 71, 882 F. Supp. 2d 1377, 1381 (2013).

The court concludes that a voluntary remand is warranted based on NOAA Fisheries' substantial and legitimate concern of addressing new developments regarding protection of the Maui dolphin in the first instance. See SKF USA, 254 F.3d at 1029. Factual circumstances have changed since NOAA Fisheries denied Plaintiffs' petition, which provides a compelling justification for its request. First, NZG issued new regulations on June 24, 2020, that, within the Maui dolphin's habitat, "extend existing, and create new, areas that prohibit the use of commercial and recreational set-nets," "extend the closure to trawl fishing," "put in place a fishing-related mortality limit of one dolphin," and "prohibits the use of drift nets." Def.'s Br., Attach. A at 1. As the Government notes, NOAA Fisheries "has yet to make any determination . . . that [NZG]'s final fisheries measures warrant an embargo on that country." Def.'s Br. at 6. The Government argues that "NOAA has 'a duty to take a hard look at the proffered evidence'" in the first instance. Def.'s Br. at 6 (quoting Marsh v. Oregon Nat. Res. Council, 490 U.S. 360, 385 (1989)).

[4] As Plaintiffs note, "a court should reject a request for voluntary remand where reconsideration of the challenged agency action would be unwarranted, abusive, frivolous, or in bad faith." Pls.' Br. at 4 (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure, § 8383 (3d. ed. 2002)). However, at oral argument, Plaintiffs clarified that they made no such claims against the Government's remand request here. Oral Arg., Aug. 6, 2020, ECF No. 34.

The court notes Plaintiffs' assertion that NOAA Fisheries already considered NZG's new measures in their proposed form when they denied their petition in 2019. Pls.' Br. at 2. However, the court also notes that NZG here argues that it implemented measures above what was proposed in 2019. See NZG Reply at 4–5. Further, in attempting to distinguish the relief sought in Count One from that of Count Two, Plaintiffs point out that they now seek an import ban that covers a geographical range larger than what they sought in their petition. Pls.' Br. at 6–7. Plaintiffs explained at oral argument that, since filing their petition, their knowledge of the Maui dolphin's habitat has changed, and thus they now seek a wider ban. Oral Arg. The court agrees with the Government that NOAA Fisheries is best positioned to review these new facts in the first instance. See Def.'s Reply at 6; NZG's Reply at 10. Even though NOAA Fisheries had the authority to issue a wider ban based on Plaintiffs' petition and NOAA Fisheries previously reviewed NZG's proposed measures, there is no reason to think that NOAA Fisheries would come to the same conclusion with the benefit of this additional information. If Plaintiffs were unaware of information regarding the Maui dolphin's habitat at the time they submitted their petition, then their petition could not have contained that information and there is no reason to believe that NOAA Fisheries would have possessed or considered that information in denying their petition and in failing to implement an import ban pursuant to the MMPA. Where, as here, the court would have to "conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions," remand is required for further investigation and explanation by the expert agency. See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). The court will also direct NOAA Fisheries to allow Plaintiffs to supplement their petition on remand so that NOAA Fisheries has before it all additional information in reconsidering Plaintiffs' petition.

NZG also requested a comparability finding for its new regulations on July 15, 2020. Def.'s Br. at 5–6; Def.'s Br., Attach. B. Plaintiffs argue that NZG's request for a comparability finding is irrelevant to their challenge because the comparability assessment is done pursuant to the MMPA Imports Regulation that does not go into effect until 2022. See Pls.' Br. at 8–9. However, should NOAA Fisheries decide that NZG's new measures do not meet U.S. comparability standards, then it may impose a ban pursuant to its MMPA Import regulations that could take effect prior to 2022. See, e.g., Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act— Notification of Revocation of Comparability Findings and Implementation of Import Restrictions; Certification of Admissibility for Certain Fish Products From Mexico, 85 Fed. Reg. 13,626 (NOAA Mar. 9, 2020) (implementing a ban on the importation from Mexico of fish and fish products caught with gillnets that threaten the vaquita porpoise after negative comparability findings). As Plaintiffs note, a comparability finding is not required for an import ban under the MMPA, Pls.' Br. at 8 (citing NRDC I, 331 F. Supp. 3d at 1353–54); remand may nevertheless result in a ban that would address Count One of Plaintiffs' complaint. Thus, a remand would allow the agency to address both of Plaintiffs' claims pursuant to the MMPA. See also NZG's Reply at 13.

Finally, Plaintiffs oppose the Government's request for voluntary remand and subsequent stay during the remand because they argue that remand would delay the necessary protections for the Maui dolphin from their requested preliminary injunctive relief. Pls.' Br. at 6–7, 11–12. However, the court retains jurisdiction over this case and the results of the voluntary remand. By setting October 30, 2020, as the tight deadline by which NOAA Fisheries must file its remand redetermination, the court is granting that agency an appropriate amount of time to consider the new NZG regulations and factual information presented by the Plaintiffs. The parties should be

on notice that the court appreciates the urgency of the issues presented in this case and will also move the case forward on an expedited schedule once the results of the voluntary remand are issued. Should NOAA Fisheries agree that a ban is necessary, it could be implemented just as, or more rapidly, than if the court proceeded on the preliminary injunction. Most importantly, NOAA Fisheries will be able to make this assessment in the first instance based on the technical, factual information that through its expertise it is best positioned to assess. Should NOAA Fisheries not grant Plaintiffs' requested relief, the court will act swiftly to decide Plaintiffs' outstanding motion for a preliminary injunction. Finally, remand would not unduly impact Plaintiffs' desire for finality since, by its nature, a preliminary injunction is not permanent, final relief. See Pls.' Br. at 11.

In sum, because of the new factual information available to NOAA Fisheries, NZG's new regulatory regime, and an ability for NOAA to grant all of the relief requested through a decision on these new facts in the first instance on remand, the court grants the Government's motion.

**CONCLUSION**

The court concludes that the Government's request for a voluntary remand is appropriate. Thus, it is hereby

**ORDERED** that the Government's motion for voluntary remand is GRANTED; it is further

**ORDERED** that Notification of the Rejection of the Petition To Ban Imports of All Fish and Fish Products From New Zealand That Do Not Satisfy the Marine Mammal Protection Act, 84 Fed. Reg. 32,853 (NOAA July 10, 2019), is remanded to NOAA Fisheries for the purpose of issuing a redetermination on Plaintiffs' petition for emergency rulemaking under the MMPA to ban importation of commercial fish or fish products from fish that have been caught with

commercial fishing technology that results in incidental mortality or serious injury of Maui dolphins in excess of United States standards; it is further

**ORDERED** that, on remand, NOAA Fisheries shall allow Plaintiffs to supplement their petition underlying the challenged determination and consider whether the Hector's and Maui dolphin Threat Management Plan – Fisheries Measures, issued by the New Zealand Minister of Primary Industries on June 24, 2020, results in incidental mortality or serious injury of Maui dolphins in excess of United States standards under the MMPA; it is further

**ORDERED** that if Plaintiffs supplement their petition underlying the challenged determination by NOAA Fisheries, then Plaintiffs shall submit the petition and any additional information for consideration to NOAA Fisheries within fourteen (14) days of this Order; it is further

**ORDERED** that, on remand, NOAA Fisheries shall reach a determination on NZG's request of July 15, 2020, to perform a comparability assessment of the New Zealand Threat Management Plan as it relates to Maui dolphins; it is further

**ORDERED** that all filing deadlines are stayed until October 30, 2020; it is further

**ORDERED** that Defendants shall file the remand determination with the court by October 30, 2020; and it is further

**ORDERED** that the parties shall confer and submit a joint proposed briefing schedule on Plaintiffs' motion for preliminary injunction and the remand determination by November 6, 2020.

**SO ORDERED.**

/s/ *Gary S. Katzmann*
Gary S. Katzmann, Judge

Dated: August 13, 2020
New York, New York