IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

_____
                                                 )
SEA SHEPHERD NEW ZEALAND and   )
SEA SHEPHERD CONSERVATION       )
SOCIETY,                                       )
      Plaintiffs,                             )
                                                   )
     v.                                        )    Ct. No. 20-00112
                                                 )
UNITED STATES, *et al.*,               )
     Defendants.                          )
_____)

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS COUNT I OF THE SUPPLEMENTAL COMPLAINT**

|  |  |
|---|---|
|  | BRIAN M. BOYNTON |
|  | Acting Assistant Attorney General |
|  |  |
|  | JEANNE E. DAVIDSON |
|  | Director |
|  |  |
|  | PATRICIA M. McCARTHY |
|  | Assistant Director |
| OF COUNSEL: | STEPHEN C. TOSINI |
| JASON S. FORMAN | Senior Trial Counsel |
| Office of General Counsel | Department of Justice |
| National Oceanic & Atmospheric Admin. | Civil Division |
| Silver Spring, MD | Commercial Litigation Branch |
|  | P.O. Box 480, Ben Franklin Station |
|  | Washington, DC 20044 |
|  | Tel.: (202) 616-5196 |
|  |  |
| March 8, 2021 | Attorneys for Defendants |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

_____
                                        )
SEA SHEPHERD NEW ZEALAND and            )
SEA SHEPHERD CONSERVATION               )
SOCIETY,                                )
    Plaintiffs,                          )
                                        )
v.                                      )   Ct. No. 20-00112
                                        )
UNITED STATES, *et al.*,                )
    Defendants.                          )
_____)

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNT I OF THE SUPPLEMENTAL COMPLAINT

In our motion to dismiss, we demonstrated that count I of the supplemental complaint, ECF No. 46, impermissibly seeks to bypass a statutory and regulatory scheme that Congress entrusted to an expert agency, National Oceanic and Atmospheric Administration (NOAA). Moreover, Sea Shepherd failed to exhaust an explicit administrative remedy under which it had, in fact, sought the very relief sought in count I, an embargo upon certain fish and fish products from New Zealand. Lastly, Sea Shepherd explicitly approved of the promulgation of a regulatory regime to enforce the statute under which it bases its *de novo* claim in count I. Accordingly, Rules 12(b)(1) and (6) of the Rules of the Court (USCIT R.) compel dismissal of count I of the supplemental complaint.

## ARGUMENT

### I. Sea Shepherd May Not Compel An Embargo Absent A Negative Comparability Finding

Sea Shepherd seeks to compel an embargo upon fish and fish products from New Zealand as "agency action unlawfully withheld," under the Administrative Procedure Act (APA), 5

U.S.C. § 706(1), and Marine Mammal Protection Act (MMPA), 16 U.S.C. § 1361, *et seq*. As we explained in our motion to dismiss at pages 10-13, because the true nature of Sea Shepherd's supplemental complaint is a challenge to an agency action expressly denying the relief requested in count I, Sea Shepherd cannot avail itself of section 706(1) of the APA.

Under the MMPA fish imports provision, the United States "shall ban the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of United States standards." 16 U.S.C. § 1371(a)(2). Further, the Government "shall insist on reasonable proof from the government of any nation from which fish or fish products will be exported to the United States of the effects on ocean mammals of the commercial fishing technology in use for such fish or fish products exported from such nation to the United States." 16 U.S.C. § 1371(a)(2)(A). To implement this provision, NOAA issued regulations governing the process for the agency to determine whether particular fish or fish products meet the statutory standard for importation. 50 C.F.R. § 216.24(h).

Contrary to Sea Shepherd's contentions, *SUWA* directly compels dismissal of any section 706(1) APA claim. Section "706(1) empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing *how* it shall act.'" *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (quoting Attorney General's Manual on the Administrative Procedure Act 108 (1947) (emphasis by Court). Put another way, under the APA, a "failure to act is not the same thing as a denial. The latter is the agency's act of saying no to a request; the former is simply the omission of an action without formally rejecting a request." *Id*. at 63 (internal quotation marks omitted).

2

There is nothing "ministerial" about applying the MMPA imports provision. Section "706(1) grants judicial review only if a federal agency has a 'ministerial or non-discretionary' duty amounting to 'a specific, unequivocal command.'" *Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 670 (D.C. Cir. 2016) (quoting *SUWA*, 532 U.S. at 63-64). Of course, there is no "specific unequivocal command" here because determinations under the imports provision provide a "classic example of a factual dispute the resolution of which implicates substantial agency expertise." *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 376 (1989).

Under the MMPA, the United States "shall ban the importation of commercial fish or products from fish which have been *caught with commercial fishing technology* which results in the *incidental kill or incidental serious injury* of ocean mammals *in excess of United States standards.*" 16 U.S.C. § 1371(a)(2) (emphasis added). Further, the Government "shall insist on *reasonable proof* from the government of any nation from which fish or fish products will be exported to the United States of the effects on ocean mammals of the commercial fishing technology in use for such fish or fish products exported from such nation to the United States." 16 U.S.C. § 1371(a)(2)(A) (emphasis added). Accordingly, Congress did not "unequivocal[ly] command," *SUWA*, 532 U.S. at 64, NOAA to impose an embargo. Instead, it directed that NOAA impose an embargo after engaging in a complex factual analysis within its area of expertise, addressing commercial fishing technology; incidental kill or injury levels; and United States standards for incidental kill or injury. Similarly, it is the agency that first determines the quantum of reasonable proof required.

Given the statutory and regulatory scheme, as well as NOAA's extensive analysis of the proof provided by New Zealand on the administrative record, *NRDC* does not allow bypassing NOAA's comparability finding regulatory scheme. Br. 5 (citing *NRDC v. Ross*, 331 F. Supp. 3d

3

1338, 1352 (Ct. Int'l Trade 2018)). Rather, *NRDC* involved a motion or preliminary injunction seeking to compel an embargo, where the agency had not conducted *any* comparability finding proceeding. Accordingly, there was no comparability finding to review and the Court treated this lack of an agency record as a negative comparability finding. *NRDC*, 331 F. Supp. 3d at 1353-54.

Lastly, we note that the Government does not seek to escape judicial scrutiny of whether New Zealand's protections for the Māui dolphins are comparable to those afforded to marine mammals in United States waters. Should proceedings involving counts II and III of the supplemental complaint result in a negative comparability finding, then the natural consequence of such a finding is an embargo upon certain fish and fish products from New Zealand.

## II. Sea Shepherd Has Failed To Exhaust Administrative Remedies

Sea Shepherd does not contest that count I fails to exhaust the explicit Court-ordered administrative remedy in *Sea Shepherd New Zealand v. United States*, 469 F. Supp. 3d 1330 (Ct. Int'l Trade 2020). Br. 11. In fact, nowhere in its brief does Sea Shepherd even acknowledge the Court's decision. Instead, it contends that "[e]xhaustion of any administrative remedies is not required unless expressly mandated by statute or agency rule." *Id*. Sea Shepherd assumes that there is no such exhaustion requirement and does not cite the explicit statute that compels exhaustion before challenging agency action in the Court of International Trade, 28 U.S.C. § 2637(d), let alone the Court's own order. Section 2637(d) "indicates a congressional intent that, absent a strong contrary reason, the [C]ourt should insist that parties exhaust their remedies before the pertinent administrative agencies." *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007); *Boomerang Tube LLC v. United States*, 856 F.3d 908, 912 (Fed. Cir. 2017). This binding authority is dispositive. And in any event, the MMPA itself demonstrates

4

congressional intent that plaintiffs must exhaust administrative remedies by granting to NOAA the authority to conduct notice and comment rulemaking. 16 U.S.C. § 1382(a).

The authorities that Sea Shepherd cites are inapposite. *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), involved a facial challenge to a regulation and did not involve exhaustion. *Darby v. Cisneros*, 509 U.S. 137, 147 (1993), again required exhaustion of required administrative proceedings. The remaining cases at page 13 wrongly presuppose "the absence of such an administrative remedy." Of course, if there were no administrative remedy, then Sea Shepherd should dismiss counts II and III of its supplemental complaint. But it cannot have it both ways – a *de novo* Court challenge coupled with an APA challenge to final agency action upon the exact same question.

### III. Count I Is Barred By Judicial Estoppel

Finally, judicial estoppel bars count I. As we demonstrated in our motion, Sea Shepherd agreed with the overall framework of the regulatory process – that is, to develop procedures for NOAA to conduct comparability findings in the first instance. Br. 14-18. The major flaw in Sea Shepherd's argument is that, even though it objected to particular provisions, it agreed with, and advocated for, the administrative process that it now eschews. Accordingly, by seeking to bypass the administrative process for which it advocated, Sea Shepherd's position here is clearly inconsistent with its past position.

And finally, there is nothing unfair about NOAA making initial comparability findings and the Court reviewing those findings through the lens of the APA. Br. 17-18. But that appears to be Sea Shepherd's position.

5

# CONCLUSION

For these reasons, we respectfully request that the court dismiss count I of the supplemental complaint.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:
JASON S. FORMAN
Office of General Counsel
National Oceanic & Atmospheric Admin.
Silver Spring, MD

/s/ STEPHEN C. TOSINI
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-5196

March 8, 2021

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this reply contains 1,399 words, excluding any materials excluded from those Procedures' requirements, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Stephen C. Tosini