United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

June 21, 2021

Brett Sommermeyer
Sea Shepherd Legal
2226 Eastlake Avenue E #108
Seattle, WA 98102

Stephen C. Tosini
U.S. Department of Justice
Commercial Litigation Branch – Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Warren E. Connelly
Trade Pacific PLLC
700 Pennsylvania Avenue, SE, Ste. 500
Washington, DC 20003

Re:     **Sea Shepherd New Zealand v. United States**
         **Court No.: 20-00112**
         **Questions for Oral Argument**

Dear Counselors:

In light of the current COVID-19 pandemic, oral argument in this case will be held remotely via WebEx, in lieu of a proceeding at the courthouse, on Thursday, July 1, 2021 at 11:00 a.m.  The court will provide dial-in information to the parties.  Information on how the public can listen to open proceedings can be found on the court's website under "Upcoming Court Proceedings Accessible via Teleconference" (https://www.cit.uscourts.gov/upcoming-court-proceedings-accessible-teleconference).  The argument, if public and not closed, will be recorded and made available to the public via the court's website.  If you will be requesting a closed argument or portions of the argument, please inform my case manager, Geoffrey Goell, no later than close of business, Tuesday, June 29, 2021.  The court encourages the parties to maintain a public argument, if possible.

The court has examined the parties' briefs and documents and would like counsel to submit answers in writing to the court's questions for oral argument by close of business on Tuesday, June 29, 2021. Parties shall file public and, if necessary, confidential versions of their answers, of not more than twenty pages. The oral argument shall be dedicated only to rebuttal arguments to the answers filed by opposing counsel on Tuesday, June 29, 2021. The court will also permit but not require brief opening statements. Presentations shall not exceed thirty (30) minutes for the plaintiffs and thirty (30) minutes for the defendants and defendant-intervenor.

## I. <u>Questions to Plaintiffs Sea Shepherd New Zealand and Sea Shepherd Conservation Society</u>

1. Are there any recent updates regarding the Māui dolphin population or bycatch? Have there been any changes or further developments following the October 2020 implementation of the New Zealand Government's ("GNZ") new gill net and trawl restrictions?

   a. What harm, if any, has occurred during the pendency of the motion for a preliminary injunction, including during the voluntary remand period?

2. On remand, the National Oceanic and Atmospheric Administration ("NOAA") determined that the GNZ's regulatory actions are comparable to the US's and no import ban is required. Why is NOAA's denial of the import ban not an action sufficient to satisfy 5 U.S.C. § 706(1)? What legal authority supports your answer?

   a. In any event, would a determination by the court that NOAA failed to implement a required import ban entail the court's second-guessing of NOAA's determination and/or re-weighing of the evidence underlying the remand determination? <u>See</u> Def.-Inter.'s Br. in Opp. to Pls.' Mot. for Prelim. Inj. at 48, Jan. 15, 2021, ECF 55 ("Def.-Inter.'s Opp.").

3. Defendant United States ("Government") contends that you had an opportunity, via the court's grant of a voluntary remand, to supplement your petition with new factual information in order to obtain administrative remedy for your claim under 5 U.S.C. § 706(1). Def.'s Mot. to Dismiss Count I at 8, 13, Jan. 27, 2021, ECF No. 58. Do you contest the Government's assertion that you submitted, and NOAA reviewed, a revised supplemental petition?

   a. If NOAA addressed and rejected your supplemental petition, why was that not an affirmative action by the agency such that 5 U.S.C. § 706(1) would be inapplicable to NOAA's need to act under the Marine Mammal Protection Act ("MMPA")?

   b. If 5 U.S.C. § 706(1) does not apply, how would you respond to the Government's contention that, by attempting to bypass a fulsome appeal of the NOAA decision, you have failed to exhaust your administrative remedies? Def.'s Mot. to Dismiss Count I at 14.

4.  You argue that the "comparable in effectiveness" standard is from the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act, 81 Fed. Reg. 54,390 (NOAA Aug. 15, 2016) ("Imports Rule"), not the MMPA, and that the court should therefore rely on the "plain and unambiguous language" of the MMPA. Pls.' Mot. for Prelim. Inj. at 42, Dec. 11, 2020, ECF No. 49 ("Pls.' Mot."). Is it not the case that Imports Rule is NOAA's interpretation and implementation of the MMPA, and is therefore owed <u>Chevron</u> deference by the court?

    a.  Is it your position that the Imports Rule is not a reasonable interpretation of the MMPA import ban language?

5.  The GNZ contends that the existence of a traceability system is not dispositive of compliance with the MMPA and associated import regulations. Def.-Inter.'s Opp. at 29. Why is traceability, rather than alternative methods for the elimination of bycatch (such as monitoring procedures), required to establish compliance? <u>See</u> Pls.' Mot. at 10. Please identify any relevant commentary by NOAA on remand regarding the issue of traceability.

6.  You argue that "New Zealand has not provided reasonable proof that it is currently implementing a monitoring program designed to reliably estimate bycatch," and has therefore failed to satisfy the requirements necessary for a comparability finding. Pls.' Mot. at 38. What information did NOAA rely on to make its determination that the evidence provided by New Zealand was in fact sufficient? In the process of reaching a determination, did NOAA address your contentions regarding inadequate observer coverage? <u>Id.</u>

7.  The court explained in <u>Nat. Res. Def. Council v. Ross</u>, 42 CIT __, __, 331 F. Supp. 3d 1338 (2018) ("<u>NRDC v. Ross</u>") that NOAA is required to request reasonable proof from foreign governments when determining whether to grant an exemption -- not when determining whether an import ban is necessary in the first place. Why does NOAA's affirmative determination that the GNZ provided reasonable proof that an import ban is unnecessary not distinguish this case from <u>NRDC v. Ross</u>?

    a.  How do you respond to the GNZ's contention that the MMPA requires that an import ban be preceded by a finding that the foreign regulations under review "have resulted, or will in the future result, in incidental mortality or serious injury that exceeds [U.S.] standards"? Def.-Inter.'s Opp. at 5–6; Def.-Inter.'s Reply Br. at 2–3, Mar. 10, 2021, ECF No. 66.

8.  Are there any recent or pending Federal Circuit or CIT cases that may change the court's analysis?

**II.      Questions to Defendant the United States and Defendant-Intervenor New Zealand Government**

1.  Are there any recent updates regarding the Māui dolphin population or bycatch?  Have there been any changes or further developments following the October 2020 implementation of the New Zealand Government's ("GNZ") new gill net and trawl restrictions?

    a.  What harm, if any, has occurred during the pendency of the motion for a preliminary injunction, including during the voluntary remand period?

2.  How do you respond to Plaintiffs' concerns regarding GNZ's alleged failure to implement a traceability system?  See Pls.' Mot. at 10.  Were these concerns addressed by NOAA on remand?

3.  Do you agree with Plaintiffs' contention that NOAA was required, under 50 C.F.R. § 216.24(h)(7), to consider specified aspects of the GNZ's protective measures?  Pls.' Mot. at 18–19, 40–41.

    a.  If so, where were these aspects considered?

    b.  If not, what, if anything, was NOAA in fact required to consider under its regulations and the MMPA?  Further, is it your position that Plaintiffs were required to proactively seek consideration of the factors outlined by 50 C.F.R. § 216.24(h)(7) on review and remand?

4.  How do you respond to Plaintiffs' allegation, relying on the Declaration of Dr. Timothy Ragen at 6, Dec. 11, 2020, ECF No. 49-4, that NOAA determines compliance with the ZMRG by assessing whether fishery-reduced mortality is less than 10% of PBR, and that New Zealand therefore de facto fails to comply with ZMRG?  See Pls.' Mot. at 27–28.

5.  How do Plaintiffs' previous comments that the MMPA import regulations constituted a "step in the right direction" constitute judicial estoppel of Plaintiffs' claims that the NOAA's failed to apply those regulations to the GNZ and the Māui dolphin?  Why can Plaintiffs not generally support the MMPA import regulations while nevertheless contesting their specific application?

6.  Plaintiffs note that "[b]oth New Zealand and [the Government] accept as fact that at least 6 percent of the dolphins are distributed between the 50-meter and 100-meter depth contours . . . . [y]et New Zealand's regulations do not prohibit gillnet or trawl fishing throughout this area" despite the six percent number well exceeding the PBR limit in case of entanglement.  Pls.' Reply in Support of Mot. for Prelim. Inj. and Resp. in Opp. to Defs.' Mots. to Dismiss at 33–34, Feb. 17, 2021, ECF No. 64 ("Pls.' Reply").  How do you respond to the contention that this regulatory oversight constitutes inadequate protection given the risk of PBR?

    a.   How did NOAA respond to this information, if at all?

7.   Plaintiffs contest the Government's characterization of the IWC's position on the GNZ's protection of Māui dolphins.  Pls.' Reply at 38.  Did NOAA address the IWC's critiques of the GNZ's implementation of its protection measures in its remand results?

8.   Please identify any record information directly addressing Plaintiffs' argument that, in light of the mortality limits and estimated yearly loss of Māui dolphins, "the only acceptable approach," under U.S. standards, "is to ban fishing practices that threaten the dolphins throughout their range, just as the United States has done for endangered species more populous than the Māui dolphin." Pls.' Mot. at 31.

9.   Are there any recent or pending Federal Circuit or CIT cases that may change the court's analysis?

                        Sincerely,

                        */s/ Gary S. Katzmann*
                        Gary S. Katzmann
                              Judge