IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND and SEA SHEPHERD CONSERVATION SOCIETY,<br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES, *et al.*,<br>  Defendants. | Ct. No. 20-00112 |

## **ORDER**

Upon review of plaintiffs' motion to supplement the evidentiary record, it is hereby

ORDERED that the motion is denied.

Dated: _____    _____
  New York, NY                                                                    JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| SEA SHEPHERD NEW ZEALAND and SEA SHEPHERD CONSERVATION SOCIETY,<br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES, *et al.*,<br>   Defendants. | Ct. No. 20-00112 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO SUPPLEMENT THE EVIDENTIARY RECORD**

Defendants (collectively the United States or Government) respectfully request that the Court deny plaintiffs' (Sea Shepherd) motion to supplement the evidentiary record. The Court should deny the motion because the proffered materials cannot be part of the administrative record and, moreover, the Court should deny this invitation to supervise the expert agency through its injunctive power where Sea Shepherd possesses administrative remedies under National Oceanic and Atmospheric Administration's (NOAA) comparability regulation.

**BACKGROUND**

Sea Shepherd challenges NOAA's grant of comparability findings to certain New Zealand fisheries under the Marine Mammal Protection Act (MMPA), 16 U.S.C. § 1371, *et seq*. According to Sea Shepherd, this agency action unlawfully allows the importation of fish and fish products that are caught in a manner resulting in a take of the critically endangered Māui dolphin (*Cephalorhynchus hectori maui*) in excess of United States standards.

Congress included a measure in the MMPA banning the importation of fish or fish products that are captured in foreign commercial fisheries that do not provide marine mammal species with a comparable level of protection as that provided by the United States. Thus, the United States "shall ban the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of United States standards." 16 U.S.C. § 1371(a)(2). Further, the Government "shall insist on reasonable proof from the government of any nation from which fish or fish products will be exported to the United States of the effects on ocean mammals of the commercial fishing technology in use for such fish or fish products exported from such nation to the United States." 16 U.S.C. § 1371(a)(2)(A).

NOAA promulgated a regulation to implement the MMPA imports provision. *Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 81 Fed. Reg. 54,390 (NOAA Aug. 15, 2016) (*Final Rule*); 50 C.F.R. § 216.24(h). Paragraph 216.24(h)(6) sets forth detailed procedures that exporting nations must follow to obtain "comparability findings." After the regulation's exemption period, all imports of fish or fish products must have been caught in a foreign fishery for which NOAA has made a comparability finding. The exemption period currently expires on December 31, 2022, and all imports after that date must be accompanied by comparability findings. *Modification of Deadlines Under the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 85 Fed. Reg. 69,515 (NOAA Nov. 3, 2020). The deadline for all exporting countries to submit applications for comparability findings covering January 1, 2023, through December 31, 2026, is November 30, 2021. *Id.*

Sea Shepherd sued the United States in 2020 to challenge NOAA's denial of its petition to compel an embargo on certain fish and fish products from New Zealand. Sea Shepherd sought

to preliminarily impose a ban on the importation of fish and fish products caught using gillnets (also known as set nets) and trawl nets within what it contended to be the Māui dolphin's range, raising various new arguments. *Sea Shepherd New Zealand v. United States*, 469 F. Supp. 3d 1330, 1336 (Ct. Int'l Trade 2020).  Sea Shepherd also attached declarations from various scientists and other witnesses to its first preliminary injunction (PI) motion, including scientific literature that postdated NOAA's denial of Sea Shepherd's petition.  ECF No. 11-11.11.  New Zealand also had "issued new regulations on June 24, 2020," (2020 Regulations) one week before Sea Shepherd's first PI motion.  *Sea Shepherd*, 469 F. Supp. 3d at 1336.

Upon review of the first PI motion and changes in the relevant landscape since the original determination, we sought a voluntary remand for NOAA to address these new issues in the first instance.  ECF No. 17.  The Court granted the motion in *Sea Shepherd*, 469 F. Supp. 3d 1330.  First, the Court noted that NOAA had not possessed the opportunity to address various arguments raised in the first PI motion.  *Id*. at 1336-37.  The Court further declined to conduct a *de novo* inquiry as to whether a MMPA import ban is warranted, as requested in count one of the amended complaint, *id*. at 1337 (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)), and instead reasoned that a "remand would allow the agency to address both of Plaintiffs' claims pursuant to the MMPA."  *Id*.  "Most importantly, NOAA Fisheries will be able to make this assessment in the first instance based on the technical, factual information that through its expertise it is best positioned to assess."  *Id*.  The Court further noted that, even though regulations issued pursuant to the MMPA imports provision are not fully effective until 2022, NOAA may nevertheless "impose a ban pursuant to its MMPA Import regulations that could take effect prior to 2022."  *Id*.; *see also Fish and Fish Product Import Provisions*, 81 Fed. Reg. at 54,395 ("Emergency Rulemaking" authority).

3

On remand, NOAA received applications for comparability findings from New Zealand and addressed comments submitted by interested persons, including Sea Shepherd. *Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Rejection of Petition and Issuance of Comparability Findings*, 85 Fed. Reg. 71,297 (NOAA Nov. 3, 2020). After analyzing the record evidence, NOAA granted New Zealand's requested comparability findings. *Id*. The comparability findings at issue in this case will expire on December 31, 2022. *Id*. Accordingly, as with any exporting nation, the deadline for New Zealand to seek renewal of the subject comparability findings is November 30, 2021, two months from today.

Sea Shepherd renewed its PI motion based upon the record on remand. That motion is fully briefed and argued. *See* ECF Nos. 49, 55, 57, 64, 75-78.

Sea Shepherd then filed its motion to supplement the evidentiary record in which it proffers four additional documents. ECF No. 81. The first is a news article dated August 2021. ECF No. 81-1 at 4-7. The second is an email between a reporter and New Zealand government officials regarding a draft Māui dolphin population survey from August 2021. *Id*. at 8-10. The third is an excerpt from a New Zealand government website. *Id*. at 11-12. And the fourth exhibit is a New Zealand government publication that seeks comment on various options for quotas for the snapper fishery off of the North Island. *Id*. at 13-45. Sea Shepherd also attached a declaration of Elisabeth Slooten. ECF No. 81-2.[1]

---

[1] We currently do not challenge and take no position on any document's authenticity and take no position regarding Professor Slooten's analysis. NOAA has not yet reviewed the underlying data sources that either support or detract from the information submitted or Professor Slooten's conclusions.

## ARGUMENT

The Court should deny Sea Shepherd's motion because these new sources are not part of the administrative record that was before NOAA when it issued New Zealand's comparability findings. Furthermore, Sea Shepherd has not even attempted to meet its heavy burden to supplement the administrative record under *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009), and allowing a never-ending stream of information during proceedings for injunctive relief is akin to imposing judicial administration of ongoing agency action in a highly technical field in which Congress had created and entrusted an expert agency for that very duty. Lastly, Sea Shepherd fails to demonstrate that this new information renders New Zealand's current regulatory framework and protections afforded to the Māui dolphin incomparable to United States standards.

First and foremost, these new materials cannot be part of the administrative record and thus fall outside the Court's congressionally mandated scope of review. In any action brought under 28 U.S.C. § 1581(i), "the Court of International Trade shall review the matter as provided in section 706 of title 5." 28 U.S.C. § 2640(e). The scope of review is therefore limited to the administrative record made before the agency. "In applying that [section 706] standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Indeed, Administrative Procedure Act "review is to be based on the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Pres. Overton Park, Inc. v.*

*Volpe*, 401 U.S. 402, 420 (1971), abrogated by *Califano v. Sanders*, 430 U.S. 99 (1977). Accordingly, Sea Shepherd's new information cannot be part of the administrative record.

Second, Sea Shepherd does not even attempt to satisfy the controlling standard for supplementation of the administrative record under *Axiom*, 564 F.3d at 1379. The materials that Sea Shepherd seeks to add to the administrative record are not necessary for effective judicial review and Sea Shepherd does not even allege that they are.

Third, allowing parties to continually supplement the record would insert the Court into the day-to-day execution of the MMPA's implementation, supplanting the expert agency that Congress entrusted to administer that Act. "Because analysis of the relevant documents 'requires a high level of technical expertise,' we must defer to 'the informed discretion of the responsible federal agencies.'" *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 377 (1989) (quoting *Kleppe v. Sierra Club*, 427 U.S. 390, 412 (1976)). Indeed, "'[w]hen examining this kind of scientific determination . . . a reviewing court must generally be at its most deferential.'" *Id*. (quoting *Baltimore Gas & Electric Co. v. Natural Resources Defense Council, Inc*., 462 U.S. 87, 103 (1983)). In contrast, Sea Shepherd is asking the Court to reach conclusions regarding this information in the first instance. Moreover, supplementation would encourage all parties to continuously add more information to the record, bypassing the agency's analysis.

Instead, as noted above, should New Zealand wish to seek the next round of comparability findings beginning approximately 15 months from now, it must submit applications by November 30, 2021. These applications must include, among other things, population assessments, descriptions of fishing effort, and identification of the measures undertaken to reduce marine mammal mortality. 50 C.F.R. § 216.24(h)(6)(iii)(C). Accordingly, in the ordinary course, NOAA will analyze any new information relevant to New Zealand's

fisheries. Similarly, if warranted, NOAA possesses "Emergency Rulemaking" authority. *Fish and Fish Product Import Provisions*, 81 Fed. Reg. at 54,395. Likewise, NOAA may reconsider a comparability finding at any time based upon information submitted by non-governmental organizations. 50 C.F.R. § 216.24(h)(8)(vi)(A). In sum, NOAA's regulation envisions the agency addressing new factual information, which constantly arises, obviating any need for the Court to address each new possible development in the first instance.

Finally, Sea Shepherd does not attempt to tie the alleged new information in its first three exhibits to any United States standards, as required under the MMPA. 16 U.S.C. § 1371(a)(2). Here, the Potential Biological Removal (PBR) is less than one and thus no Māui dolphin take would be allowed under United States standards. *See* ECF No. 44-9 at SUPP_000001-4. This remains unchanged even if the estimated population were to change because the PBR remains effectively zero take – the species is already afforded maximal protection. See id. Similarly, Sea Shepherd's fourth exhibit (the snapper proposal) is exactly that, a request for public comment or additional proposals on various fisheries management options. ECF No. 88-1 at 43-44. In sum, none of Sea Shepherd's new information would alter the regulatory regime imposed by the Government of New Zealand to reduce the bycatch of Māui dolphin.

## **CONCLUSION**

For these reasons, we respectfully request that the court deny the motion to supplement the evidentiary record.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

7

|  |  |
|---|---|
|  | /s/ PATRICIA M. McCARTHY<br>Assistant Director |
| OF COUNSEL:<br>JASON S. FORMAN<br>Office of General Counsel<br>National Oceanic & Atmospheric Admin.<br>Silver Spring, MD | /s/ STEPHEN C. TOSINI<br>Senior Trial Counsel<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Tel.: (202) 616-5196 |
| October 1, 2021 | Attorneys for Defendant United States |

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this motion contains 1,957 words, excluding any materials excluded from those Procedures' requirements, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Stephen C. Tosini