IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

```
_____
                                   )
SEA SHEPHERD NEW ZEALAND and       )
SEA SHEPHERD CONSERVATION          )
SOCIETY,                           )
       Plaintiffs,                 )
                                   )
       v.                          )   Ct. No. 20-00112
                                   )
UNITED STATES, et al.,             )
       Defendants.                 )
_____)
```

**ORDER**

Upon review of defendants' partial consent motion for voluntary remand to conform the expiration of the New Zealand comparability finding at *Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Rejection of Petition and Issuance of Comparability Findings*, 85 Fed. Reg. 71,297 (NOAA Nov. 3, 2020), with the expiration of the exemption period set forth in *Modification of Deadlines Under the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 87 Fed. Reg. 63,955 (NOAA Oct. 21, 2022), it is hereby

ORDERED that the motion is GRANTED and, it is further

ORDERED that defendants shall file amended remand results no later than 30 days after the date of this order.

Dated: _____                              _____
       New York, NY                                            JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| SEA SHEPHERD NEW ZEALAND and SEA SHEPHERD CONSERVATION SOCIETY,<br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES, *et al.*,<br>    Defendants. | Ct. No. 20-00112 |

**DEFENDANTS' PARTIAL CONSENT MOTION FOR VOLUNTARY REMAND TO AMEND THE COMPARABILITY FINDINGS' EXPIRATION TO CONFORM WITH THE EXTENDED EXEMPTION PERIOD SET FORTH IN THE 2022 EXTENSION**

Defendants respectfully request that the Court grant the National Oceanic and Atmospheric Administration (NOAA) a voluntary remand to amend the current comparability findings for certain New Zealand fisheries whose expiration dates conform with the deadlines set forth for other comparability findings to be issued under the Marine Mammal Protection Act and 50 C.F.R. § 216.24(h). *See Modification of Deadlines Under the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 87 Fed. Reg. 63,955 (NOAA Oct. 21, 2022) (*2022 Extension*) (extending exemption period for seeking comparability findings required to allow imports of fish and fish products into the United States until January 1, 2024). This would result in extending the *NZ Comparability Findings* by an additional year. Plaintiffs oppose this motion. Warren Connelly, counsel for defendant-intervenor, consented to this motion on November 3, 2022, at 3:30 pm EDT.

**BACKGROUND**

Sea Shepherd challenges NOAA's grant of comparability findings to certain New Zealand fisheries under the Marine Mammal Protection Act (MMPA), 16 U.S.C. § 1371, *et seq.*, as well as NOAA's denial of its petition to compel an embargo of certain fish and fish products from New Zealand. Sea Shepherd contends that these actions unlawfully allow importation of fish and fish products that are caught in a manner resulting in a take of the critically endangered Māui dolphin (*Cephalorhynchus hectori maui*) in excess of United States standards.

Congress included a measure in the MMPA banning the importation of fish or fish products that are captured in foreign commercial fisheries that do not provide marine mammal species with a comparable level of protection as that provided by the United States. Thus, the United States "shall ban the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of United States standards." 16 U.S.C. § 1371(a)(2). Further, the Government "shall insist on reasonable proof from the government of any nation from which fish or fish products will be exported to the United States of the effects on ocean mammals of the commercial fishing technology in use for such fish or fish products exported from such nation to the United States." 16 U.S.C. § 1371(a)(2)(A).

NOAA promulgated a regulation to implement the MMPA imports provision. *Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 81 Fed. Reg. 54,390 (NOAA Aug. 15, 2016) (*Final Rule*); 50 C.F.R. § 216.24(h). Paragraph 216.24(h)(6) sets forth detailed procedures that exporting nations must follow to obtain "comparability findings." After the regulation's exemption period, all imports of fish or fish products must have been caught in a foreign fishery for which NOAA has made a comparability finding. After an extension issued in

response to the COVID-19 pandemic, the exemption period was set to expire on December 31, 2022, and all imports after that date were required to be derived from foreign fisheries issued comparability findings. *Modification of Deadlines Under the Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 85 Fed. Reg. 69,515 (NOAA Nov. 3, 2020) (*2020 Extension*). The deadline for all exporting countries to submit applications for comparability findings covering January 1, 2023, through December 31, 2026, was November 30, 2021. *Id*.

Relevant here, NOAA extended the exemption period for an additional year on October 21, 2022, and thus, any new comparability finding would take effect as of January 1, 2024. *2022 Extension*, 87 Fed. Reg. 63,955.

Meanwhile, Sea Shepherd had sued the United States in 2020 challenging NOAA's denial of its petition to compel an embargo on certain fish and fish products from New Zealand. Sea Shepherd sought to preliminarily impose a ban on the importation of fish and fish products caught using gillnets (also known as set nets) and trawl nets within the Māui dolphin's (contested) range. *Sea Shepherd New Zealand v. United States*, 469 F. Supp. 3d 1330, 1336 (Ct. Int'l Trade 2020). Sea Shepherd also attached declarations from scientists and other witnesses to its first preliminary injunction (PI) motion, including scientific literature that postdated NOAA's denial of Sea Shepherd's petition. ECF No. 11-11.11. New Zealand also had "issued new regulations on June 24, 2020," (2020 Regulations) one week before Sea Shepherd's first PI motion. *Sea Shepherd*, 469 F. Supp. 3d at 1336.

Upon review of the first PI motion and changes in the relevant landscape since the original determination, we sought a voluntary remand for NOAA to address these new issues in the first instance. ECF No. 17. The Court granted the motion in *Sea Shepherd*, 469 F. Supp. 3d

3

1330. First, the Court noted that NOAA had not possessed the opportunity to address various arguments raised in the first PI motion. *Id*. at 1336-37. The Court further declined to conduct a *de novo* inquiry as to whether a MMPA import ban is warranted, as requested in count one of the amended complaint, *id*. at 1337 (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)), and instead reasoned that a "remand would allow the agency to address both of Plaintiffs' claims pursuant to the MMPA." *Id*. "Most importantly, NOAA Fisheries will be able to make this assessment in the first instance based on the technical, factual information that through its expertise it is best positioned to assess." *Id*. The Court further observed that, even though regulations issued pursuant to the MMPA imports provision were not yet fully effective, NOAA may nevertheless "impose a ban pursuant to its MMPA Import regulations that could take effect prior to 2022." *Id*.; *see also Fish and Fish Product Import Provisions*, 81 Fed. Reg. at 54,395 ("Emergency Rulemaking" authority).

On remand, New Zealand applied for comparability findings and NOAA addressed comments submitted by interested persons, including Sea Shepherd, ultimately granting New Zealand's requested comparability findings and denying Sea Shepherd's supplemental petition. *Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Rejection of Petition and Issuance of Comparability Findings*, 85 Fed. Reg. 71,297 (NOAA Nov. 3, 2020) (*NZ Comparability Findings*). Those comparability findings will expire by their own terms on December 31, 2022. *Id*. Notable here, NOAA published *NZ Comparability Findings* in the Federal Register on the exact same date as the *2020 Extension*.

Sea Shepherd then renewed its PI motion based upon the record on remand. That motion is fully briefed and argued. *See* ECF Nos. 49, 55, 57, 64, 75-78.

4

NOAA has informed the Department of Justice that it will be unable to complete its review of New Zealand's requests for comparability findings submitted under the deadlines set forth in the *2020 Extension* and instead expects to apply the *2022 Extension* deadline to New Zealand's applications.

## ARGUMENT

### I.   Standard Of Review

We seek a remand to allow NOAA to conform the expiration of its *NZ Comparability Findings* with the *2022 Extension*. "'[I]f the agency's concern is substantial and legitimate, a remand is usually appropriate.'" *Sea Shepherd*, 469 F. Supp. 3d at 1335 (quoting *SKF USA v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Concerns are "substantial and legitimate where (1) the agency provided a compelling justification for its remand request, (2) the need for finality does not outweigh the justification for voluntary remand; and (3) the scope of the remand request is appropriate." *Id*. at 1336 (internal quotation marks and bracketing omitted).

### II.   A Remand To Conform The Deadline Is Substantial And Legitimate

Voluntary remand to conform the deadline of the *NZ Comparability Finding* is warranted because it will provide clarity to all parties and foster the just, speedy, and inexpensive resolution of this matter. USCIT R. 1.

As a preliminary matter, New Zealand did not request any expiration date when it submitted its request for comparability findings. Supp_000086. Instead, when NOAA issued the comparability findings, it aligned the deadline with the end of the then existing exemption period as set forth in the contemporaneous *2020 Extension*. Then, in the *2022 Extension*, NOAA amended its regulatory definition of "exemption period" to cover *all* foreign fisheries: "Exemption period means the period during which commercial fishing operations that are the

5

source of exports of commercial fish and fish products to the United States will be exempt from the prohibitions of § 216.24(h)(1). The exemption period extends through December 31, 2023." 87 Fed. Reg. at 63,957. Accordingly, upon expiration of the *NZ Comparability Findings*, the *2022 Extension* will toss the New Zealand fisheries back into the pool of all foreign fisheries.

That result would impose unnecessary procedural burdens on the Court and parties. Indeed, the *NZ Comparability Findings*, Sea Shepherd's supplemental petition, and Sea Shepherd's renewed motion for a preliminary injunction, significantly overlap on legal and factual questions and present a reasonable procedural framework for the Court to address whether the United States may allow importation of certain fish and fish products from New Zealand. If the *NZ Comparability Findings* expire by their own terms, then this case would present the incongruous posture of calling for a decision on Sea Shepherd's supplemental petition based on the record of an administrative determination that has become moot. Accordingly, the best course would be to maintain the current procedural *status quo*.

Finally, the remand does not delay a final decision on the pending motions, which may proceed on a separate track.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion for voluntary remand to conform the deadlines contained in the *NZ Comparability Findings* with the *2022 Extension* by extending the *NZ Comparability Findings* by an additional year.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

/s/ PATRICIA M. McCARTHY
Director

6

| | |
|---|---|
| OF COUNSEL: | /s/ STEPHEN C. TOSINI |
| JASON S. FORMAN | Senior Trial Counsel |
| Office of General Counsel | Department of Justice |
| National Oceanic & Atmospheric Admin. | Civil Division |
| | Commercial Litigation Branch |
| Silver Spring, MD | P.O. Box 480, Ben Franklin Station |
| | Washington, DC 20044 |
| | Tel.: (202) 616-5196 |
| November 8, 2022 | Attorneys for Defendants |