**In the United States Court of International Trade**

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND et al., | |
| Plaintiffs, | Civil Action No. 1:20-cv-00112-GSK |
| v. | Before: Judge Gary S. Katzmann |
| WILBUR ROSS et al., | **Plaintiffs' Opposition Brief to Defendants' Motion for Voluntary Remand** |
| Defendants, | |
| and | |
| NEW ZEALAND GOVERNMENT, | |
| Defendant-Intervenor. | |

**TABLE OF CONTENTS**

Introduction ....................................................................................................................................1

Argument........................................................................................................................................1

I.  A voluntary remand is not warranted in this situation ......................................................1

II. NOAA's concerns are not substantial or legitimate..........................................................3

    A.  NOAA has not provided a compelling justification for its remand request............4

    B.  The need for finality outweighs NOAA's justification for a remand.....................6

Conclusion......................................................................................................................................8

## INTRODUCTION

The Māui dolphin is in dire straits. Based on the New Zealand Government's ("NZG") most recent population survey, the median population of Māui dolphins over the age of one is 54 individuals. Dkt. 89 at 27 (NZG 2020-2021 Māui Dolphin Population Survey Report). The loss of a single dolphin is a significant blow to the remaining population and brings the species closer than it already is to the brink of extinction.

Despite the critically endangered status of the dolphin, NOAA seeks a voluntary remand to allow it to extend the expiration date of the NZG's current Comparability Findings, which NOAA set to expire at the end of 2022 and which incorrectly conclude that the NZG's regulatory program is comparable in effectiveness to U.S. standards. But a remand is not warranted here, and NOAA's claim that the Findings' expiration will cause unnecessary procedural burdens is a red herring. Instead, the remand would allow NOAA to avoid the repercussions of its decision to not rule on the NZG's November 2021 Comparability Findings Application by the end of this year—a decision that not only extends the existence of the NZG's current illegal Comparability Findings, but also delays NOAA's consideration of new information regarding the Māui dolphin and their risk of bycatch. This Court should not let NOAA avoid the consequences of its ongoing delay to the detriment of the Māui dolphin. The Court should deny NOAA's motion and proceed with its ruling on Sea Shepherd's Motion for a Preliminary Injunction.

## ARGUMENT

**I.   A voluntary remand is not warranted in this situation.**

"In general, a voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the original agency decision on review." *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)

(Kavanaugh, J.). In *SKF USA Inc. v. United States*, the Federal Circuit explained that, in response to litigation challenging an agency action, the agency could seek a remand to reconsider a decision based on intervening events outside the agency's control; reconsider a decision, without confessing error, even in the absence of intervening events; or request a remand because it believes a previous decision was in error and wishes to change it. 254 F.3d 1022, 1028–29. (Fed. Cir. 2001). The *SKF* court noted there could be other situations that warrant remand, *id.* at 1028, but in general, the situations involve an agency seeking a remand to *reconsider* or *change* a decision, not one in which the agency has a predetermined action in mind. Indeed, "[t]he case law thus makes clear that where an agency requests a remand without confessing error, the agency must express some intent to *reconsider* the original agency decision that is the subject of the legal challenge, after which the court has discretion to grant or deny the motion." *Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020) (emphasis added).[1]

Here, NOAA's request does not fall within any of the *SKF* positions, and NOAA does not argue otherwise. Instead, NOAA seeks a voluntary remand to take the predetermined action of extending the NZG's Comparability Findings' expiration dates, an action entirely within NOAA's control; it does not intend to reconsider its decision to issue the NZG's Comparability Findings. In *Keltner*, the court noted that the government "ha[d] not pointed to any case . . . in which a court has granted a motion for voluntary remand when the government's primary goal on remand is to

---

[1] *See e.g.*, *Ad Hoc Shrimp Trade Action Comm. v. United States*, 37 C.I.T. 67, 71–72 (2013) (granting agency motion to expand scope of remand to allow it to consider new evidence); *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 29 C.I.T. 1516, 1519, 1526 (2005) (granting motion for voluntary remand where agency aimed to reconsider methodology and possibly seek new information); *Corus Staal BV v. United States*, 29 C.I.T. 777, 782 (2005), *aff'd*, 186 Fed. Appx. 997 (Fed. Cir. 2006) (unpublished) (denying voluntary remand where "[agency] articulated no other policy issue or view, nor did it otherwise express any doubts about the correctness of its decision in relation to the agency's other policies").

write a better decision for a *predetermined* outcome." 148 Fed. Cl. at 565 (emphasis added). NOAA has likewise failed to point to such a case here, Defendants' Partial Consent Motion for Voluntary Remand ("Def. Br."), Dkt. 106, at 5–6, and Sea Shepherd is not aware of any. For these reasons, a voluntary remand is not warranted here, and the Court should deny NOAA's motion.

**II.     NOAA's concerns are not substantial or legitimate.**

NOAA states that the standard of review for its remand request is whether the agency's concern is "substantial and legitimate." Def. Br. at 5. Per *SKF*, this is the standard when an agency requests a remand, without conceding error, and in the absence of intervening events, to reconsider its previous decision. 254 F.3d at 1029. In such situations, courts have discretion regarding whether to remand, and remands are "usually appropriate" where the agency's concern is "substantial and legitimate." *Id.* "[A]n agency's concern is substantial and legitimate where (1) the agency 'provided a compelling justification for its remand request,' (2) the need for finality 'does not outweigh the justification for voluntary remand'; and (3) the 'scope of [the] remand request is appropriate.'" Opinion and Order, Dkt. 38, at 9 (citation omitted). Furthermore, in between the "relative extremes" of "substantial and legitimate" versus "in bad faith or frivolous," courts have "substantial discretion" to consider voluntary remand motions depending on several factors, including *inter alia* "the timing of the government's motion" and "the plaintiff's factual allegations viewed through the prism of the particular legal issues involved." *Keltner*, 148 Fed. Cl. at 563. Courts also consider whether the remand would "unduly prejudice the non-moving party." *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018).

As noted above, NOAA's voluntary remand request does not fall within this *SKF* situation. There has been an intervening event, and one within NOAA's control—its extension of the deadline for fisheries to receive comparability findings. Moreover, NOAA is not reconsidering its

decision to grant the NZG's Comparability Findings; it is seeking to take the predetermined action of extending the deadline by which those Findings would otherwise expire. The Court should deny NOAA's motion for these reasons alone. Regardless, NOAA's concerns are neither substantial nor legitimate, and thus this Court should exercise its discretion to deny NOAA's motion.

### A. NOAA has not provided a compelling justification for its remand request.

NOAA claims it does not want the NZG's Comparability Findings to expire because expiration "would impose unnecessary procedural burdens on the Court and parties." Def. Br. at 6. This is a red herring, and not a compelling justification for a remand. It would pose little burden on the Court, nor should it impact the Court's ability to rule on Plaintiffs' pending Preliminary Injunction Motion. The Court can rule on that Motion based on whether Plaintiffs are likely to succeed on their First and Second Claims, neither of which depend on the concurrent Comparability Findings.[2]

NOAA calls out Plaintiffs' Second Claim, challenging the denial of Sea Shepherd's Petitions, because NOAA's denial of Sea Shepherd's Supplemental Petition was based on NOAA's decision to issue the NZG Comparability Findings. Def. Br. at 6. But the Findings' expiration will not prevent the Court from evaluating whether NOAA's denial of the Supplemental Petition was arbitrary and capricious. There is nothing "incongruous" about the administrative record for one agency action overlapping with the administrative record for a different agency action, regardless of whether that action is expired; this happens all the time. *See, e.g.*, *Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003) (noting, without expressing concern, that administrative records overlap); *Trout Unlimited v. Lohn*, CV-06-1493, 2006 WL

---

[2] It is premature to determine whether Sea Shepherd's Third Claim would become moot if the Comparability Findings expire at the end of this year. This issue is not before the Court right now.

8459231, at *3 (D. Or. Dec. 8, 2006) (similar). Moreover, NOAA's argument ignores a fundamental precept of APA review—that agency decisions are evaluated based on the information the agency had before it *at the time it made the challenged decision*. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) ("The administrative record includes all materials compiled by the agency that were before the agency at the time the decision was made.") (internal quotations and citation omitted). NOAA's argument also improperly conflates Sea Shepherd's separate and distinct claims; while the administrative records for Claims Two and Three overlap, they challenge different actions, and each action has its own record.

Furthermore, the Comparability Findings' expiration will not impact the Court's ability to determine whether Sea Shepherd is likely to succeed on the merits of its First Claim. NOAA provides no explanation for why it believes otherwise, other than its conclusory assertion of "unnecessary procedural burdens." Def. Br. at 6. For this claim, NOAA does not even have its administrative record argument to fall back on, since the premise of the First Claim is that NOAA failed to act—and there can be no set administrative record for an action that never occurred. *See Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) (stating that in APA section 706(1) cases, "review is not limited to the [administrative] record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record").

In contrast, NOAA is silent on the impact of the Comparability Findings' expiration on the pending motions to dismiss Sea Shepherd's First Claim. Those motions depend, in part, on the concurrent existence of the Findings. *See, e.g.*, NOAA Mot. to Dismiss, Dkt. 58, at 10 (arguing the Court lacks jurisdiction over Sea Shepherd's First Claim because "the sole question here is whether NOAA's comparability findings are in accordance with law"); NZG Mot. to Dismiss, Dkt. 56, at 1–2 (similar). If the Findings expire, much of NOAA's and the NZG's arguments in support

of their motions to dismiss—and their related arguments in opposition to Sea Shepherd's Preliminary Injunction Motion—expire with them.

**B.     The need for finality outweighs NOAA's justification for a remand.**

The Court must also weigh NOAA's justification for a remand against the need for finality. NOAA's justification is to avoid any procedural burdens the Findings' expiration might have in this case—but as discussed above, this is not a compelling justification warranting remand here.

In contrast, in general there is a strong public policy need for finality of agency determinations, and "mere policy changes should not be allowed to alter final agency determinations." *Corus Staal BV v. U.S. Dep't of Com.*, 27 C.I.T. 388, 391 (2003) (collecting cases). Here, the extension of the NZG's current Comparability Findings—rather than, e.g., reconsideration of NOAA's substantive decision to grant those Findings—is akin to a "mere policy change." This does not warrant reopening an otherwise final agency action.

Moreover, the factual allegations here—involving a species on the brink of extinction— weigh against a remand. As NOAA told the Court, it will consider new evidence regarding the Māui dolphin and fisheries bycatch when it acts on the NZG's November 2021 Comparability Findings Application. Dkt. 83 at 6–7. And there is significant new evidence for NOAA to consider, including the NZG's 2020-2021 Māui Dolphin Population Survey Report; the NZG's decision to significantly increase commercial trawl and set net fishing in Māui dolphin habitat on the west coast of the North Island; and at least one recent confirmed female Māui dolphin death. *See* Dkt. 89 (NZG 2020-2021 Māui Dolphin Population Survey Report); Dkt. 81-1, Ex. 4 at 1, 3–4 (describing NZG proposal to increase allowed catch for commercial snapper fishery off the west coast of the North Island, which is primarily comprised of trawl vessels but includes a small number of set net vessels); Dkt. 84 at 5 (NZG brief noting decision to increase commercial snapper

catch, but that increase was enjoined pending outcome of lawsuit challenging increase); Dkts. 71-1 & 71-2 (documentation related to February 2021 observation of beachcast female Māui dolphin).

A remand to NOAA to allow it to extend the expiration date would allow NOAA to delay making a decision on the NZG's November 2021 Comparability Findings Application for another year, thus putting off its consideration of this new information and unduly prejudicing Sea Shepherd's interest in protecting the Māui dolphin. *See Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 99 (D.D.C. 2019) (denying agency motion to remand in part because remand might imperil environmental progress). In contrast, maintaining the finality of NOAA's decision, i.e., leaving the current expiration date for the Comparability Findings in place, would force NOAA to either act on the NZG's November 2021 Comparability Application by the end of the year, to the potential benefit of the Māui dolphin—or leave NOAA to face the consequences of its delay in acting on that Application.

NOAA has known since it issued the NZG's Comparability Findings in October 2020 that those Findings would expire at the end of 2022. *See* Dkt. 40-1, at 1–2 (Federal Register Notice, stating that the Comparability Findings are valid through January 1, 2023). It has had the NZG's November 2021 Application for one year and has not acted on it. NOAA's reasoning for its recent extension to the Imports Provision exemption period was primarily that it needs more time due to the numerous applications it received. *See* Dkt. 100-1, at 3 (Federal Register Notice). But that NOAA has a lot of applications to consider does not explain why it could not have prioritized making a decision on the NZG's Application by the end of this year, and NOAA has not offered an explanation for this failure. *See* Def. Resp. to Court's October 28, 2022 Questions, Dkt. 105, at 2 (stating NOAA will be unable to reach decision on NZG's November 2021 Comparability Findings Application by November 30, 2022, without explaining why). NOAA's delay

underscores the need for Sea Shepherd's requested preliminary injunction to protect the Māui dolphin during the pendency of this lawsuit. The Court should reject NOAA's last-minute attempt for a remand.

## CONCLUSION

For the foregoing reasons, the Court should deny NOAA's motion for a voluntary remand.

Dated this 23rd day of November, 2022.

                Respectfully submitted,

                s/ *Lia Comerford*
                Lia Comerford
                Earthrise Law Center at Lewis & Clark Law School
                10101 S. Terwilliger Blvd.
                Portland, OR 97219
                (503) 768-6823
                comerfordl@lclark.edu

                Allison LaPlante
                Earthrise Law Center at Lewis & Clark Law School
                10101 S. Terwilliger Blvd.
                Portland, OR 97219
                (503) 768-6894
                laplante@lclark.edu

**CERTIFICATE OF COMPLIANCE**

Pursuant to Court of International Trade Standard Chambers Procedure 2(B), I hereby certify that this Renewed Motion for a Preliminary Injunction complies with the word limitation of 14,000 words. There are 2,417 words in this brief (including headings, footnotes, and quotations), as counted by Microsoft Word, the word processor used to prepare the brief.

                                                s/ Lia Comerford
                                                Lia Comerford
Earthrise Law Center at Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219
(503) 768-6823
comerfordl@lclark.edu