Slip Op. 23-1

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND and SEA SHEPHERD CONSERVATION SOCIETY<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, GINA M. RAIMONDO, *in her official capacity as Secretary of Commerce*, UNITED STATES DEPARTMENT OF COMMERCE, *a United States government agency*, JANET COIT, *in her official capacity as Assistant Administrator of the National Marine Fisheries Service*, NATIONAL MARINE FISHERIES SERVICE, *a United States government agency*, JANET YELLEN, *in her official capacity as Secretary of the Treasury*, UNITED STATES DEPARTMENT OF THE TREASURY, *a United States government agency*, ALEJANDRO MAYORKAS, *in his official capacity as Secretary of Homeland Security*, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *a United States government agency*,[1]<br><br>Defendants,<br><br>and<br><br>NEW ZEALAND GOVERNMENT,<br><br>Defendant-Intervenor. | Before: Gary S. Katzmann, Judge<br>Court No. 20-00112 |

## OPINION AND ORDER

[Defendant-Intervenor's Motion to Modify Preliminary Injunction is denied.]

Dated: January 9, 2023

Lia Comerford, Earthrise Law Center at Lewis & Clark Law, of Portland, OR, argued for Plaintiffs Sea Shepherd New Zealand and Sea Shepherd Conservation Society. With her on the briefs was Kevin Cassidy.

---

[1] Per CIT Rule 25(d), named officials have been substituted to reflect the current officeholders.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for Defendants United States, Gina M. Raimondo, United States Department of Commerce, National Marine Fisheries Service, Janet Yellen, United States Department of the Treasury, Alejandro Mayorkas, and United States Department of Homeland Security. With him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, and Patricia M. McCarthy, Director. Of counsel was Jason S. Forman, Office of the General Counsel, National Oceanic and Atmospheric Administration, of Silver Spring, MD.

Warren E. Connelly, Trade Pacific PLLC, of Washington, D.C., argued for Defendant-Intervenor New Zealand Government. With him on the briefs were Robert G. Gosselink and Kenneth N. Hammer.

      Katzmann, Judge: The court returns to the critically endangered Māui dolphin, endemic to New Zealand, and to the line of litigation based on the fundamental claim that as a result of incidental capture -- also referred to as "bycatch" -- in gillnet and trawl fisheries within their range, the Māui dolphin population is declining such that an import ban is required by the Marine Mammal Protection Act ("MMPA").[2] See Sea Shepherd N.Z. v. United States, 44 CIT __, __, 469 F. Supp. 3d 1330 (2020) ("Sea Shepherd I"); Sea Shepherd II, 2022 WL 17250150. The instant question arises from the preliminary injunction this court issued on November 28, 2022, ordering the immediate ban on imports into the United States of fish and fish products deriving from nine fish species caught in New Zealand's West Coast North Island inshore trawl and set net fisheries, unless affirmatively identified as having been caught with a gear type other than gillnets or trawls. See generally Ct.'s Slip Op. No. 22-130, Nov. 28, 2022, ECF No. 108 and Ct.'s Further Order on Pls.' Mot. for Prelim. Inj., Nov. 28, 2022, ECF No. 109 ("Ct.'s Further PI Order"). The Government of New Zealand, as Defendant-Intervenor, here asks the court to modify[3] the preliminary injunction to afford New Zealand a grace

---

[2] As the court recently explained, the MMPA "aims to protect marine mammals by setting forth standards applicable to both domestic commercial fisheries and to foreign fisheries, like those in New Zealand, that wish to export their products to the United States." Shepherd N.Z. v. United States, 46 CIT __, __, 2022 WL 17250150, at *1 (Nov. 28, 2022) ("Sea Shepherd II").

[3] The Government of New Zealand initially styled its pleading as a motion for a "temporary stay of the effective date of the court's preliminary injunction." See Mot. of N.Z. Gov't for Temp. Stay of Effective Date of Ct.'s Prelim. Inj., Dec. 6, 2022, ECF No. 115 ("Def.-Inter.'s Mot."). However, at oral argument on December 14, 2022, New Zealand agreed with the court that its Motion was more accurately styled as one to modify the preliminary injunction. See N.Z. Gov't Post Arg. Subm. at 1,

period to implement a "traceability system"[4]. See Def.-Inter.'s Mot.; see also Def-Inter.'s Suppl. Br. For the foregoing reasons, the Government of New Zealand's Motion to Modify is denied.

The court presumes familiarity with the facts and legal frameworks of the underlying litigation, see Sea Shepherd I, 469 F. Supp. 3d 1330; Sea Shepherd II, 2022 WL 17250150, and now recounts only that which is relevant to the court's review of the instant Motion. On November 28, 2022, after reviewing the traditional four factors that govern a court's grant of injunctive relief,[5] this court enjoined imports of (1) snapper; (2) tarakihi; (3) spotted dogfish; (4) trevally; (5) warehou; (6) hoki; (7) barracouta; (8) mullet; and (9) gurnard deriving from New Zealand's West Coast North Island multi-species set-net and trawl fisheries, unless affirmatively identified as having been caught with a gear type other than gillnets or trawls. See Ct.'s Further PI Order at 2. The court declared this preliminary injunction to be effective immediately, id. at 3, and ordered that, absent any intervening events, it would remain in place until the final resolution of Plaintiffs Sea Shepherd New Zealand Ltd. and Sea Shepherd Conservation Society's (collectively "Plaintiffs") challenge to the United States Government's ("Defendants"): (1) rejection of a petition for emergency rulemaking to ban imports of fish and fish products from New Zealand caught using fishing technology that causes death or serious injury of Māui dolphins in excess of U.S. standards under the MMPA; and (2) certification of two New Zealand fisheries as "comparable" with U.S. standards, see Sea Shepherd II, 2022 WL 17250150, at *33.

The United States has since implemented the import ban in compliance with the court's

---

Dec. 19, 2022, ECF No. 125 ("Def.-Inter.'s Suppl. Br."). Accordingly, the court refers herein to New Zealand's pleading, ECF No. 115, as "Motion to Modify."

[4] The Government of New Zealand uses the phrase "traceability system" to refer to procedures to certify that exports of New Zealand fish and fish products to the United States are not of the kind enjoined by the court's preliminary injunction. See Def.-Inter.'s Mot. at 1.

[5] Namely, the court considered (1) whether the moving party was likely to prevail on the merits of the claims; (2) whether the moving party was likely to suffer irreparable harm in the absence of a preliminary injunction; (3) the balance of equities; and (4) whether a preliminary injunction was in the public interest. See Shepherd II, 2022 WL 17250150, at *15 (citing Silfab Solar, Inc. v. United States, 892 F.3d 1340, 1345 (Fed. Cir. 2018)).

Order.  See, e.g., U.S. Gov't's Unopp. Mot. for Ext. of Time to Answer Pls.' Suppl. Compl. at 2, Dec. 6, 2022, ECF No. 113 (citing CSMS Bulletin 54241684, U.S. Customs & Border Prot., content[.]govdelivery[.]com/accounts/USDHSCBP/bulletins/33ba994 (last visited Jan 9., 2023)).[6] Neither the Government of New Zealand nor the United States seek reconsideration of the merits of this court's opinion, nor have they filed an interlocutory appeal seeking review of the merits of the court's preliminary injunction.  See Def.-Inter.'s Mot. at 1; see also U.S. Gov't's Post Arg. Subm. at 3, Dec. 19, 2022, ECF No. 124 ("Defs.' Suppl. Br.").  Rather, before the court, the Government of New Zealand asserts only that because it does not yet have a "traceability system" in place, it is not at present possible to identify imports of the above enumerated fish species that either have been caught: (1) by fisheries other than the two named in the court's preliminary injunction -- i.e., New Zealand's West Coast North Island multi-species set-net and trawl fisheries; or (2) with gear other than set-nets and/or trawls, thereby leading to overinclusive enforcement of the court's injunction, see Def.-Inter.'s Mot. at 1; accordingly, the Government of New Zealand asks the court to delay the effective date of the preliminary injunction until January 31, 2023 to afford New Zealand an opportunity to devise and implement a traceability system, id. at 3, 11–12.  Plaintiffs oppose New Zealand's Motion to Modify, see Pls.' Resp. in Opp. to Mot. of N.Z. Gov't for Temp. Stay of Effective Date of Ct.'s Prelim. Inj., Dec. 12, 2022, ECF No. 120; see also Pls.' Post Arg Subm., Dec. 19, 2022, ECF No. 126 ("Pls.' Suppl. Br."), while Defendants do not, see U.S. Gov't's Resp. to Mot. of N.Z. Gov't for Temp. Stay of Prelim. Inj., Dec. 7, 2022, ECF No. 118; see also Defs.' Suppl. Br.

"Generally, of course, courts have inherent power and . . . discretion to modify injunctions." AIMCOR Ala. Silicon, Inc. v. United States, 23 CIT 932, 938, 83 F. Supp. 2d 1293, 1299 (1999) (citing Sys. Fed'n No. 91 v. Wright, 364 U.S. 642, 647 (1961)).  However, "the party seeking to modify a preliminary injunction bears the burden of establishing a change in circumstances that

---

[6] Please note, in order to disable links to outside websites, the court has removed the "http" designations and bracketed the periods within hyperlinks.  For archived copies of any webpages cited in this opinion, please consult the docket.

would make continuation of the original preliminary injunction inequitable." Ad Hoc Shrimp Trade Action Comm. v. United States, 32 CIT 666, 670, 562 F. Supp. 2d 1383, 1388 (2008) (citing SNR Roulements v. United States, 31 CIT 1762, 1764, 521 F. Supp. 2d 1395, 1398 (2007)). Such a "change in circumstances" may be established "by showing either a significant change in factual conditions or law." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2961 (3d ed. 2022).

The Government of New Zealand maintains that the present need to implement a traceability system itself constitutes a change of circumstances meriting modification of the preliminary injunction. See Def-Inter.'s Suppl. Br. at 2. But, as the Government of New Zealand acknowledges, the present need for a traceability system is simply a direct -- and anticipated -- consequence of the court's awarded injunctive relief. See, e.g., Def.-Inter.'s Mot. at 3 n.3 (explaining that the MMPA does "not require, as a condition for a comparability finding, a seafood traceability system," but that "[t]he situation is different now because of the obligation of GNZ officials and importers to comply with the Certification of Admissibility requirements after issuance of the import ban to prevent certain seafood from being erroneously excluded from entry" (emphasis added) (citations omitted)); Def.-Inter.'s Suppl. Br. at 2 ("The GNZ had no obligations to establish this traceability system before this Court issued the PI."). The court agrees with Plaintiffs that "the preliminary injunction itself or [the] circumstances flowing directly from [its] issuance" cannot constitute "changed circumstances." Pls.' Suppl. Br. at 2. To hold otherwise would nullify the "changed circumstances" factor, as such conditions would exist in every case.

Because the Government of New Zealand has not made the requisite showing of "changed circumstances," see Ad Hoc Shrimp, 32 CIT at 670, 562 F. Supp. 2d at 1388, the court can -- and does -- deny the Motion to Modify without reaching Defendant-Intervenor's additional arguments. Accordingly, the preliminary injunction remains in effect as implemented in the court's Further

Order on Plaintiffs' Motion for Preliminary Injunction, ECF No. 109.[7]

**SO ORDERED.**

/s/ Gary S. Katzmann
Gary S. Katzmann, Judge

Dated: January 9, 2023
New York, New York

---

[7] Having denied Defendant-Intervenor's Motion to Modify on the above grounds, the court declares moot the Government of New Zealand's further Motion to Supplement the Record in Support of Request for Temporary Stay of the Effective Date of the Court's Preliminary Injunction, Dec. 13, 2022, ECF No. 121.