IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE

_____

)
SEA SHEPHERD NEW ZEALAND and        )
SEA SHEPHERD CONSERVATION             )
SOCIETY,                                                 )
       Plaintiffs,                                       )
                                                              )
     v.                                                   )     Ct. No. 20-00112
                                                              )
UNITED STATES, *et al.*,                          )
       Defendants.                                   )
_____)

## **ORDER**

Upon review of defendants' Rule 12(b)(1) motion to dismiss count III of the

supplemental amended complaint, ECF No. 46, it is hereby

ORDERED that the motion is GRANTED and, it is further

ORDERED that count III of the supplemental amended complaint is dismissed as moot.


Dated: _____
      New York, NY                              _____
                                                       JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE

_____
                                                          )
SEA SHEPHERD NEW ZEALAND and    )
SEA SHEPHERD CONSERVATION        )
SOCIETY,                                              )
   Plaintiffs,                          )
                                                          )
  v.                                          )  Ct. No. 20-00112
                                                          )
UNITED STATES, *et al.*,                      )
   Defendants.                        )
_____)

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants (collectively the United States) respectfully request that the Court dismiss count III of the supplemental amended complaint, ECF No. 46, pursuant to USCIT R. 12(b)(1) as moot because the contested 2020 Comparability Findings have expired by their own terms.

*Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act-Notification of Rejection of Petition and Issuance of Comparability Findings*, 85 Fed. Reg. 71,297 (Dep't Commerce Nov. 9, 2020), P.R. 1. (*2020 Comparability Findings*).  Because the *2020 Comparability Findings* have expired under their own terms, no case or controversy remains for the Court to decide with respect to count III of the amended supplemental complaint.

## BACKGROUND

I. **The Māui Dolphin, The MMPA And The MMPA Import Regulation**

  A. **The Māui Dolphin**

The Māui dolphin is a subspecies of the Hector's dolphin and is resident in New Zealand waters.  The Māui dolphin is critically endangered, and New Zealand estimates that only 63

animals remain.  Supp_00099.[1]  Māui and Hector's dolphins "are morphologically indistinguishable (differentiable only by a DNA sequence)."  Supp_00225.  The estimated population of Hector's dolphins in New Zealand waters is about 14,000.  Supp_00245.

B.  **The MMPA**

In enacting the MMPA, Congress expressed its "sense . . . that [marine mammal species] should be protected and encouraged to develop to the greatest extent feasible commensurate with sound policies of resource management and that the primary objective of their management should be to maintain the health and stability of the marine ecosystem."  16 U.S.C. § 1361(6).

In accordance with this sense, Congress included a measure banning the importation of fish or fish products that are captured in foreign commercial fisheries that do not provide marine mammal species with the same level of protection as that provided by the United States.  Thus, the United States "shall ban the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of United States standards."  16 U.S.C. § 1371(a)(2).  Further, the Government "shall insist on reasonable proof from the government of any nation from which fish or fish products will be exported to the United States of the effects on ocean mammals of the commercial fishing technology in use for such fish or fish products exported from such nation to the United States."  16 U.S.C. § 1371(a)(2)(A).  The MMPA further bans the importation of any fish "if such fish was caught in a manner which the Secretary has proscribed for persons subject to the jurisdiction of the United States, whether or not any marine mammals were in fact taken incident to the catching of the fish."  16 U.S.C. § 1372(c)(3).

---

[1] "Supp_****" means the supplemental administrative record of the remand and comparability findings.  ECF No. 44-9 through 44-13.

Congress entrusted the Executive Branch with authority to implement the MMPA through regulatory action "on the basis of the best scientific evidence available and in consultation with the Marine Mammal Commission." 16 U.S.C. § 1373(a). NOAA is required to follow notice and comment rulemaking procedures, including publishing certain information before conducting a rulemaking. 16 U.S.C. § 1373(d).

C.      **Fish And Fish Products Imports Rule**

In 2015, NOAA issued a proposed rule seeking comment regarding a regulatory regime for implementing the MMPA import provisions at 16 U.S.C. § 1671(a)(2) & 1672(c)(3). *Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 80 Fed. Reg. 48,172, 48,174 (NOAA Aug. 11, 2015) (*Proposed Rule*). Specifically, NOAA would "identify harvesting nations with commercial fishing operations that export fish and fish products to the United States and classify those fisheries based on their frequency of marine mammal interactions as either 'exempt' [remote risk of marine mammal bycatch] or 'export' fisheries." *Id*. Export fisheries must possess a NOAA "comparability finding," meaning that the exporting nation's regulatory regime is comparable in effectiveness to those imposed by the United States in its domestic fisheries. After an initial exemption period, "[f]ish and fish products from fisheries that fail to receive a comparability finding may not be imported into the United States." *Id*. at 48,175. The *Proposed Rule* identified the criteria that NOAA would consider in deciding whether to grant comparability findings, and further set forth the means in which the agency would compare foreign regulatory regimes with United States standards. *Id*. at 48,179-82.

After analyzing the comments received, NOAA issued its final MMPA import rule in 2016. *Fish and Fish Product Import Provisions of the Marine Mammal Protection Act*, 81 Fed. Reg. 54,390 (NOAA Aug. 15, 2016) (*Final Rule*), codified at 50 C.F.R. § 216.24(h). Important

to this case, NOAA set forth the rule that comparability findings would cover discrete, predetermined, periods, and harvesting nations would be required to apply for and obtain new comparability findings under the rule's periodic review structure.  *See* 50 C.F.R. §§ 216.24(h)(4)-(6); *see also* 50 C.F.R. § 216.24(h)(6)(i) (deadline for applications set for 13 months before a "comparability finding is to expire.").

## II.   Course Of Proceedings

Citing the *Final Rule*'s "emergency rulemaking" authority, Sea Shepherd submitted a petition to NOAA on February 6, 2019, seeking emergency rulemaking banning the importation of all fish and fish products caught with set nets or trawls within the Māui dolphin's range.  Am. Compl. Ex. A at 10 (citing *Final Rule*, 80 Fed. Reg. at 54,395).  Sea Shepherd requested an "immediate[] ban of imports of all fish and fish products from New Zealand that do not satisfy the requirements of the MMPA Imports Provisions as applied to the incidental killing or serious injury of Māui dolphins."  *Id*. at 3.

NOAA denied Sea Shepherd's petition.  *Notification of the Rejection of the Petition to Ban Imports of All Fish and Fish Products From New Zealand that Do Not Satisfy the Marine Mammal Protection Act*, 84 Fed. Reg. 32,853 (NOAA July 10, 2019) (*2019 Notice*).  NOAA explained that "[t]he petition requested that the relevant Secretary ban the importation of all fish and fish products caught in set nets or trawls inside the [Māui] dolphin's range and from the west coast of New Zealand's North Island and the Cook Strait, unless affirmatively identified as having been caught with a gear type other than set nets or trawls within that area or affirmatively identified as caught outside the [Māui] dolphin's range."  *Id*. at 32,854.  After analyzing New Zealand's regulatory regime imposed in 2012, as revised in 2013, as well as New Zealand's additional proposed Māui dolphin protections in the 2019 Threat Management Plan, "based on

the current regulatory regime and assuming the implementation of additional measures . . . , [the agency] does not believe that import restrictions under the MMPA Import Provisions are warranted at this time and is rejecting the petition." *Id*.

Sea Shepherd filed a complaint, subsequently amended, ECF No. 18-1, and sought to preliminarily impose a ban on the importation of fish and fish products caught using gillnets (also known as set nets) and trawl nets within the Māui dolphin's range. *See* ECF No. 11 (first PI motion). Upon review of the first PI motion and changes in the relevant landscape since the original determination, we sought voluntary remand for NOAA to address these new issues in the first instance. ECF No. 17. The Court granted the motion and allowed Sea Shepherd to submit a concurrent supplemental petition to the agency. *Sea Shepherd New Zealand v. United States*, 469 F. Supp. 3d 1330 (Ct. Int'l Trade 2020).

On remand, NOAA granted New Zealand's request and published its comparability findings in the Federal Register, concluding that New Zealand's regulatory regime governing Māui dolphin bycatch in commercial fishing operations was comparable in effectiveness to United States standards. *2020 Comparability Findings*, 85 Fed. Reg. 71,297. The findings included an expiration date of December 31, 2022, subject to earlier revocation if warranted. *Id*.

Sea Shepherd filed its supplemental amended complaint, ECF No. 46, and renewed motion for a preliminary injunction in response to the *2020 Comparability Findings*. The supplemental amended complaint contained three counts, requesting that the Court: (1) unilaterally issue an import ban under 5 U.S.C. § 706(1); (2) set aside the *2020 Comparability Findings* as arbitrary and capricious under 5 U.S.C. § 706(2); and (3) set aside the NOAA's denial of Sea Shepherd's supplemental petition under section 706(2). The Court granted Sea Shepherd's motion for a preliminary injunction, preliminarily concluding, among other things,

that Sea Shepherd had demonstrated a likelihood of success for the second and third counts of its

complaint. *Sea Shepherd New Zealand v. United States*, No. 20-00112, 2022 WL 17250150, at

\*20-26 (Ct. Int'l Trade Nov. 28, 2022).[2]  At the same time, the Court dismissed the first count of

the supplemental amended complaint for want of jurisdiction. *Id*. at \*14.

The *2020 Comparability Findings* expired by their own terms as of January 1, 2023.

## SUMMARY OF THE ARGUMENT

Count III of the supplemental amended complaint is now moot because the challenged

agency action has expired.  Thus, the *2020 Comparability Findings* cannot provide the legal

basis for any entry of subject fish or fish products harvested in the New Zealand set and trawl net

fisheries in the Māui dolphin's range.  There no longer remains any case or controversy, and any

decision sustaining or setting them aside would be an impermissible advisory opinion.  As a

result, the Court should dismiss count III for want of jurisdiction.

## ARGUMENT

**II.**     **Standard Of Review**

"The inability of the federal judiciary 'to review moot cases derives from the requirement

of Art. III of the Constitution under which the exercise of judicial power depends upon the

existence of a case or controversy.' " *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting

*Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3 (1964)).  Thus, mootness presents a question of

subject matter jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  "There is . . . no

case or controversy, and a suit becomes moot, 'when the issues presented are no longer 'live' or

the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165,

172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

---

[2] This motion does not relate to count II or the Court's preliminary injunction.

Under Rule 12(b)(1), plaintiffs bear the burden of pleading and proving the requisite facts to establish jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936); *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed. Cir. 1995). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

## II.   Count III Should Be Dismissed As Moot

Sea Shepherd's challenge to the *2020 Comparability Findings* is moot because that administrative action, and any associated permission to import certain fish and fish products into the United States, expired at the end of 2022. Regardless of whether the Court were to sustain or set aside that determination, no imports may enter the United States based on that determination and, as a result, the parties "lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. at 172. This longstanding principle resonates especially when the challenged act no longer possesses any legal force. "[T]he general rule . . . [is] that when an act of the legislature is repealed, it must be considered, except as to transactions past and closed, as if it never existed." *Ex parte McCardle*, 74 U.S. 506, 514 (1868) (cleaned up). And, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id*. As with the repealed statute in *Ex parte McCardle*, with respect to any future importations, the expired *2020 Comparability Findings* must now be treated as if those findings "never existed." *Ex parte McCardle*, 74 U.S. at 514.

## <u>CONCLUSION</u>

For these reasons, we respectfully request that the Court dismiss count III of the

supplemental amended complaint.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ PATRICIA M. McCARTHY
Director

OF COUNSEL:                                          /s/ STEPHEN C. TOSINI
JASON S. FORMAN                            Senior Trial Counsel
Office of General Counsel                    Department of Justice
National Oceanic & Atmospheric        Civil Division
  Admin.                                            Commercial Litigation Branch
Silver Spring, MD                              P.O. Box 480, Ben Franklin Station
                                                        Washington, DC 20044
                                                        Tel.: (202) 616-5196

February 2, 2023                               Attorneys for Defendants