# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND, et al.,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants.<br><br>and<br><br>NEW ZEALAND GOVERNMENT,<br>Defendant-Intervenor. | Civil Action No. 1:20-cv-00112-GSK<br><br>Before: Judge Gary S. Katzmann<br><br>**Plaintiffs' Response in Opposition to Defendants' Partial Motion to Dismiss** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................... 1

LEGAL BACKGROUND .......................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

    I.    Sea Shepherd's claim is not moot because NOAA's challenged decision is capable of repetition, yet evading review ................................................................... 3

        A.  NOAA's arbitrary and capricious review of the 2020 Comparability Findings is capable of repetition ................................................................ 3

        B.  The duration of NOAA's 2020 Comparability Findings evades effective judicial review ............................................................................. 8

    II.   The United States' argument that Sea Shepherd's claim is moot is unavailing ............... 10

CONCLUSION ......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Alaska Ctr. for the Env't v. U.S. Forest Service*, 189 F.3d 851 (9th Cir. 1999) .......................... 7

*Chafin v. Chafin*, 568 U.S. 165 (2013) ..................................................................................... 2

*Church of Scientology of Cal. v. United States*, 506 U.S. 9 (1992) ............................................. 2

*Del Monte Fresh Produce Co. v. U.S.*, 570 F.3d 316 (D.C. Cir. 2009) ....................................... 3

*Ex parte McCardle*, 74 U.S. 506 (1868) ............................................................................. 10, 11

*Friends of the Earth, Inc. v. Laidlaw Env't Services (TOC), Inc.*, 528 U.S. 167 (2000) .............. 2

*Greenpeace Action v. Franklin*, 14 F.3d 1324 (9th Cir. 1992) ................................................ 4, 7

*Gaule v. Meade*, 402 F. Supp. 2d 1078 (D. Alaska 2005) ........................................................... 7

*Honig v. Doe*, 484 U.S. 305 (1988) ............................................................................................ 3

*In re Flint Water Cases*, 53 F.4th 176 (6th Cir. 2022) ................................................................. 8

*Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011 (9th Cir. 2010) ...................... 8, 9

*Kingdomware Techs., Inc. v. U.S.*, 579 U.S. 162 (2016) ......................................................... 8, 9

*Kentucky Riverkeeper v. Rowlette*, 714 F.3d 402 (6th Cir. 2013) ............................................... 6

*Mitchco Intl., Inc. v. U.S.*, 26 F.4th 1373 (Fed. Cir. 2022) ......................................................... 3

*Montgomery Env't Coal. v. Costle*, 646 F.2d 568 (D.C. Cir. 1980) ........................................ 5, 9

*Murphy v. Hunt*, 455 U.S. 478 (1982) ........................................................................................ 3

*Ralls Corp. v. Comm. on Foreign Invasion in U.S.*, 758 F.3d 296 (D.C. Cir. 2014) ................ 3, 4

*Rio Grande Silvery Minnow v. BLM*, 601 F.3d 1096 (10th Cir. 2010) ....................................... 6

*Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281 (9th Cir. 2013) .................................... 8

*Spencer v. Kenma,* 523 U.S. 1 (1998) .......................................................................................... 8

*United Steel Paper and Forestry Rubber Mfg. Allied Indus. and Serv. Workers Intl. Union AFL-CIO-CLC v. Govt. of Virgin Islands*, 842 F.3d 201 (3d Cir. 2016) ................... 9

*Weinstein v. Bradford*, 423 U.S. 147(1975) ................................................................................ 3

**Statutes**

5 U.S.C. § 706(2) ........................................................................................................................ 1

**Regulations**

50 C.F.R. § 216.24(h)(1)(ii) ........................................................................................................ 1

50 C.F.R. § 216.24(h)(2)(ii) ........................................................................................................ 1

50 C.F.R. § 216.24(h)(8)(iv) ....................................................................................................... 9

50 C.F.R. § 216.3 ........................................................................................................................ 2

**Other**

Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Comparability Findings,
83 Fed. Reg. 62,842 (Dec. 6, 2018) ......................................................................................... 10

Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Rejection of Petition and Issuance of Comparability Findings, 85 Fed. Reg. 71,297 (Nov. 9, 2020) .................................................................. 1, 8, 10

Implementation of Import Restrictions; Certification of Admissibility for Certain Fish Products From New Zealand, 87 Fed. Reg. 76,998 (Dec. 16, 2022) ............................................ 6

**INTRODUCTION**

On November 9, 2020, while this lawsuit was pending, NOAA published comparability findings for New Zealand's West Coast North Island gillnet and trawl fisheries, concluding that New Zealand's regulatory program governing the bycatch of Māui dolphins is comparable in effectiveness to U.S. standards under the Marine Mammal Protection Act ("MMPA"). Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Rejection of Petition and Issuance of Comparability Findings, 85 Fed. Reg. 71,297 (Nov. 9, 2020) (hereafter, "2020 Comparability Findings"). Sea Shepherd then supplemented its complaint, adding a claim requesting this Court set aside the 2020 Comparability Findings as arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2), and then moved for a preliminary injunction on this and its other claims. *See generally,* Supplemental Complaint, ECF No. 46; Renewed Motion for a Preliminary Injunction, ECF No. 49. In November 2022, this Court granted Sea Shepherd's motion for a preliminary injunction, concluding that Sea Shepherd established a likelihood of success on the merits on two of its claims, including the challenge to the 2020 Comparability Findings. Opinion, ECF No. 108, at 32–56 (hereafter, "PI Opinion"). However, on January 1, 2023, prior to the final resolution of Sea Shepherd's claim, the 2020 Comparability Findings expired. 85 Fed. Reg. at 71,297 (stating that Findings were valid through January 1, 2023 unless revoked by NOAA).

Since NOAA issued the 2020 Comparability Findings, New Zealand has applied to NOAA for new comparability findings. *See* Joint Status Report, ECF No. 90, at 1. NOAA must make a decision on that application by the end of 2023 or else ban the import of fish and fish products from New Zealand fisheries required to have comparability findings. 50 C.F.R. §§ 216.24(h)(1)(ii), (h)(2)(ii) (prohibiting imports without valid comparability findings except during exemption

1

period, which ends December 31, 2023 (50 C.F.R. § 216.3)). Despite making representations to the Court that it was going to make a decision on New Zealand's pending application in "early 2023," Defs. Unopposed Mot. for Extension of Time to Answer Supplemental Complaint, ECF No. 129 at 2, NOAA has not yet made that decision. Instead, NOAA has moved to dismiss Sea Shepherd's claim challenging the 2020 Comparability Findings as moot. Defs. Motion to Dismiss, ECF No. 132 (hereafter, "Defs. Mot.").

Sea Shepherd's claim challenging the 2020 Comparability Findings is not moot. The United States' argument rests on the fact that the 2020 Comparability Findings have expired. Yet challenges to expired agency actions are not moot where the actions are "capable of repetition, yet evading review." Sea Shepherd's challenge to the 2020 Comparability Findings fits within this framework. Therefore, for the reasons provided below, the Court should deny the United States' motion.

## LEGAL BACKGROUND

Article III of the U.S. Constitution limits the jurisdiction of federal courts to live cases or controversies. *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.,* 528 U.S. 167, 180 (2000). "There is thus no case or controversy, and a suit becomes moot, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal citations omitted). Additionally, a case becomes moot "if subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," rendering the claim no longer a live case or controversy. *Friends of the Earth,* 528 U.S. at 189 (citing *United States v. Concentrated Phosphate Export Assn.,* 393 U.S. 199, 203 (1968)). But, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin*, 568 U.S. at 172; *see also Church of*

2

*Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotations omitted) (stating that a case becomes moot when it would be "impossible" for the court "to grant any effectual relief whatever"). "The party arguing that a case has become moot bears the burden of coming forward with the subsequent events that have produced that alleged [mootness]." *Mitchco Intl., Inc. v. U.S.*, 26 F.4th 1373, 1378 (Fed. Cir. 2022) (quoting *Hyosung TNS Inc. v. Int'l Trade Comm'n*, 926 F.3d 1353, 1357 (Fed. Cir. 2019)).

## ARGUMENT

**I.  Sea Shepherd's claim is not moot because NOAA's challenged decision is capable of repetition, yet evading review.**

Sea Shepherd's claim is not moot because NOAA's challenged decision is capable of repetition, yet evading review. Under this exception to mootness, a plaintiff must demonstrate that "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Del Monte Fresh Produce Co. v. U.S.*, 570 F.3d 316, 322 (D.C. Cir. 2009) (internal citations omitted). Sea Shepherd's claim meets both of these requirements.

**A.  NOAA's arbitrary and capricious review of the 2020 Comparability Findings is capable of repetition.**

An action is "capable of repetition" if there is "a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Honig v. Doe*, 484 U.S. 305, 318–19 (1988). "The same action generally refers to particular agency policies, regulations, guidelines, or recurrent identical agency actions." *Ralls Corp. v. Comm. on Foreign Invasion in U.S.*, 758 F.3d 296, 324 (D.C. Cir. 2014). It is not necessary that the same "precise historical facts

3

that spawned plaintiff's claims" reoccur; rather, "the legal wrong complained of by the plaintiff" must be "reasonably likely to occur." *Id.* (quoting *Del Monte*, 570 F.3d at 324). This should not "be applied with excessive stringency" as "a controversy need only be *capable* of repetition, not more probable than not." *Id.* (internal quotation marks omitted) (emphasis in original). "[A] controversy is *capable* of repetition even if its recurrence is far from certain." *Id.* (emphasis in original).

In *Greenpeace Action v. Franklin,* Greenpeace challenged the 1991 total allowable catch (TAC) of pollock under a Fishery Management Plan issued by the North Pacific Fishery Management Council, issued pursuant to the Fisheries Conservation Management Act. 14 F.3d 1324, 1327 (9th Cir. 1992). Specifically, Greenpeace was concerned the TAC would not prevent further decline of local threatened species. *Id.* After beginning litigation, the 1991 TAC expired, and the Council issued a 1992 TAC. *Id.* at 1329. Despite the TAC's expiry and reissuance, the Ninth Circuit found the issue was "capable of repetition" because "the major issue—whether the Secretary ha[d] adequately examined the effects of pollock fishing on the Steller sea lions—is likely to recur in future years." *Id.* at 1330. The court also found persuasive the fact that the Secretary had relied on the same biological opinion for both the 1991 and 1992 TACs. *Id.*

Here, for several reasons, it is reasonable to expect that NOAA will do exactly what the Ninth Circuit found satisfied the "capable of repetition" exception in *Greenpeace*: repeat the same or similar flawed reasoning from its decision on New Zealand's 2020 Comparability Findings when it makes its decision on New Zealand's pending application. First, as it pertains to the Māui dolphin, the pending application relies upon and cites New Zealand's 2020 Comparability Findings application. *See e.g.*, New Zealand Government Mot. to Temporarily Stay Effective Date of Preliminary Injunction, Ex. C, ECF No. 115, at p. 32 (section of New Zealand's pending

4

application addressing Māui dolphin fisheries bycatch in the West Coast North Island set net and trawl fisheries, stating that the information contained in New Zealand's 2020 Comparability Finding application "remains the best available information with respect to estimated fisheries bycatch of Māui dolphins" and that New Zealand did not update estimates of captures and deaths since its 2020 application); *see also* Declaration of Lia Comerford, Exs. 1 and 2 (additional sections of New Zealand's pending application, both noting that "[t]he 2020 Comparability Application best describes the estimated reduction in mean annual deaths from the most recent fisheries restrictions that took effect off the west coast North Island in 2020").

Second, NOAA, in issuing the 2020 Comparability Findings, largely adopted New Zealand's application and analysis; its analysis cites to the application no less than 45 times. *See generally*, NOAA Comparability Finding Determination Analysis, ECF No. 40-2; *also compare*, *e.g., id.* at 6 (claiming population has stabilized) with Second Declaration of Brett Sommermeyer, ECF No. 49-1, at Ex. 5, P-053 (same, in New Zealand 2020 Comparability Finding Application).

Third, NOAA vigorously defended the 2020 Comparability Findings, despite Sea Shepherd identifying to the agency the inadequacy of the evidence and analysis present in the application and subsequent decision. *See generally*, Defs. Response to Plaintiffs' Motion for Preliminary Injunction, ECF No. 57, and it is reasonable to expect that NOAA will continue to defend those Findings in this case, as well as repeat those legal positions and analysis in its decision on New Zealand's pending application. For example, in granting Sea Shepherd's motion for a preliminary injunction, the Court rejected the argument that NOAA is only required to expressly consider certain comparability finding factors if it finds them relevant, *see* PI Opinion at 37–39, but NOAA may still raise this argument at the merits stage. *See Montgomery Env't Coal. v. Costle*, 646 F.2d 568, 581 (D.C. Cir. 1980) (finding challenge to expired permit capable of repetition, and not moot,

5

where agency had not abandoned former legal position). Similarly, the Court found that NOAA "has not met 'minimal standards of rationality' in maintaining that the 2012 incident was the last instance of Maui dolphin bycatch by a commercial fishing vessel." PI Opinion at 58 n.64. The issue of the bycatch rate is central to the comparability findings, and as New Zealand's pending application relies upon its previous application for bycatch estimates, *see* ECF No. 115 at p. 32, it is reasonable to expect NOAA will repeat its flawed analysis in its decision on the pending application. NOAA's failure to renounce its previously held position or acknowledge its errors is a persuasive factor further tipping in favor of the Court finding the issue likely to be repeated. *Rio Grande Silvery Minnow v. BLM*, 601 F.3d 1096, 1118 n.17 (10th Cir. 2010). Notably, NOAA has not signaled that it will not continue to defend its reasoning behind the 2020 Comparability Findings, nor has it pointed to any changed circumstances that would cause it to deny New Zealand's pending application.[1]

Notably, several courts have found that expired permits do not render a case moot if the agency intends to continue its reliance on inadequate environmental analysis contained in the original permit. For example, in *Kentucky Riverkeeper v. Rowlette*, nationwide coal-mining

---

[1] The current import ban is based on the Court's preliminary injunction and will be in place until the Court lifts the injunction. *See* Implementation of Import Restrictions; Certification of Admissibility for Certain Fish Products From New Zealand, 87 Fed. Reg. 76,998, 77,000 (Dec. 16, 2022). NOAA has not imposed an import ban on its own accord despite the Court's findings that NOAA's denial of the Petitions and issuance of the comparability findings were likely arbitrary and capricious. Nor has NOAA imposed its own import ban given that, because New Zealand waived the applicability of the exemption period for the West Coast North Island gillnet and trawl fisheries and the findings for those fisheries have expired, an import ban is required pursuant to the MMPA and the Imports Regulation. *See* PI Opinion at 53–54 (stating that if the West Coast North Island gillnet and trawl fisheries "do not have valid comparability findings in effect, the importation of fish or fish products into the United States from them is per se in excess of U.S. standards" and therefore prohibited by the MMPA's Import Provision and the Imports Regulation; *see also id.* at 53–54 n.60 (regarding waiver).

permits had expired during litigation and the Army Corps had reauthorized new, similar permits and had "extended its reliance on the challenged cumulative-impacts analysis." 714 F.3d 402, 406–07 (6th Cir. 2013). Because the agency had "grandfathered" activities authorized under the same challenged analysis contained in the expired permits in its new permits, the issue was not moot. *Id.* Similarly, in *Alaska Center for the Environment v. U.S. Forest Service*, the Ninth Circuit found that plaintiff's claim challenging a one-year special use permit that expired was not moot: "the issue raised by [plaintiff] is not whether Powder Guides will be issued another permit, but whether the Forest Service will issue other commercial helicopter permits in the Chugach National Forest without NEPA analysis like the Powder Guides permit and the other two permits originally challenged in this case." 189 F.3d 851, 856–57 (9th Cir. 1999). Because there was a reasonable expectation that the agency would continue the improper analysis used for previously issued, expired permits, the action fell under the "capable of repetition" exception. *Id.; see also Gaule v. Meade*, 402 F. Supp. 2d 1078, 1083 (D. Alaska 2005) ("[E]ven though the permit expired, a live controversy remains because the Forest Service considers the FEIS and ROD sufficient to allow the issuance of future permits in these units for heli-skiing.").

In addition, in finding that the challenged decision was not moot, the *Greenpeace* court also explained that there was a continuing public interest in resolving whether the Secretary's recurring decision regarding pollock fishing levels was adequately examined. 14 F.3d at 1330. The same public interest exists here, as there is significant importance in determining whether NOAA adequately evaluated whether the fishing technologies employed in New Zealand result in bycatch of the critically endangered Māui dolphin in excess of U.S. standards. PI Opinion at 63–64 (recognizing that under the public interest factor for evaluating a preliminary injunction, the public interest in protecting the dolphins against bycatch and extinction is not only significant but also

7

effectuates the MMPA's statutory purpose).

Therefore, for these reasons, it is reasonable to expect that NOAA will repeat the flawed analysis underlying the 2020 Comparability Findings in its decision on New Zealand's pending application.

> **B.  The duration of NOAA's 2020 Comparability Findings evades effective judicial review.**

The 2020 Comparability Findings are capable of evading judicial review, given that NOAA set the Findings to expire after a little more than two years. 85 Fed. Reg. at 71,297 (noting that the 2020 Comparability Findings are valid from November 6, 2020, through January 1, 2023, unless revoked earlier by NOAA). The "capable of repetition, yet evading review" exception to mootness requires that the challenged action's duration be "too short" to be fully litigated prior to its expiration. *Spencer v. Kenma,* 523 U.S. 1, 17 (1998). "An action is too short if it is impossible 'to obtain complete judicial review,' including "plenary review" by the Supreme Court." *In re Flint Water Cases*, 53 F.4th 176, 189 (6th Cir. 2022), *reh'g denied*, 22-1353, 2023 WL 370653 (6th Cir. Jan. 5, 2023); *see also Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013) ("An action is 'fully litigated' if it is reviewed by this Court and the Supreme Court."). When evaluating what constitutes "too short" for review, the Supreme Court has concluded that "two years is too short to complete judicial review." *Kingdomware Techs., Inc. v. U.S.,* 579 U.S. 162, 170 (2016) (citing *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 514–16 (1911)).

Moreover, several courts have held that periods longer than two years may still be too short for complete judicial review and weigh in favor of the "evading review" exception to mootness. *Johnson v. Rancho Santiago Cmty. Coll. Dist.,* 623 F.3d 1011, 1019–20 (9th Cir. 2010) (finding case challenging three-year agreement met the "evading review" portion of mootness exception and finding relevant the fact that it had taken the litigation three years to reach appellate court and

8

that the litigation had been pending for more than six years); *id.* at 1019 ("We have acknowledged that three years is generally too short to allow a case 'seeking a declaratory judgment regarding the legality of [an agreement's] provisions [to] proceed beyond district court review.'") (quoting *Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 964 v. B.F. Goodrich Aerospace Aerostructures Grp.,* 387 F.3d 1046 (9th Cir. 2004)); *United Steel Paper and Forestry Rubber Mfg. Allied Indus. and Serv. Workers Intl. Union AFL-CIO-CLC v. Govt. of Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016) ("We agree that the duration of [the program]—two years—is too short to be fully litigated prior to its expiration"); *Montgomery Env't Coal.*, 646 F.2d at 582 (finding four-year permit too short in duration to be fully litigated given likelihood of delay due to administrative permit proceedings).

As noted above, the Supreme Court has concluded that two years is too short a time for a challenge to be fully litigated. *Kingdomware*, 579 U.S. at 170. Here, the 2020 Comparability Findings were effective for a little more than two years—from November 6, 2020 through January 1, 2023, just short of 26 months. For purposes of completing judicial review, the marginal difference between two years and the length of time here is a distinction without a difference. Moreover, the time period of the 2020 Comparability Findings is shorter than time periods that other courts have found to be sufficient to meet the evading judicial review prong of the exception.

Notably, the time period NOAA may apply to comparability findings it issues pursuant to New Zealand's pending application may be different than the time period of the 2020 Comparability Findings. The Imports Rule states that, except in certain circumstances, findings are to "remain valid for 4 years from publication *or for such other period as the Assistant Administrator may specify*." 50 C.F.R. § 216.24(h)(8)(iv) (emphasis added). Thus, NOAA has significant discretion regarding the length of time comparability findings are valid, with a

9

maximum time period of four years. NOAA has issued two sets of comparability findings—those challenged in this case, for New Zealand, and comparability findings issued to Mexico; in both instances, the findings were issued for periods of less than four years. *See* 85 Fed. Reg. at 71,297 (New Zealand findings); Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Comparability Findings, 83 Fed. Reg. 62,842, 62,842 (Dec. 6, 2018) (notice of the issuance of Mexico's comparability findings for the time period of November 30, 2018 to January 1, 2022, or a little more than three years). Thus, it is reasonable to expect NOAA will set the time period for the comparability findings issued pursuant to New Zealand's pending application for less than four years, and for a time period that is too short to permit full judicial review.

## II.     The United States' argument that Sea Shepherd's claim is moot is unavailing.

The United States' argument that Sea Shepherd's claim is moot consists of a single paragraph, claiming that because the 2020 Comparability Findings have expired, Sea Shepherd's claim challenging those findings is moot. *See* Defs. Mot. at 7. This argument, in turn, is based on *Ex parte McCardle*, 74 U.S. 506 (1868). *Id.* But *McCardle* is easily distinguishable.

In *McCardle*, a petitioner appealed a military action to the Supreme Court under an 1867 congressional statute that conferred jurisdiction to appeal to the Court. 74 U.S. at 508. However, Congress then repealed the 1867 act. *Id.* at 512. In light of Congress repealing the statute that gave the Court jurisdiction over the case, the Supreme Court found that its jurisdiction over the case had ceased. *Id.* at 513.

In contrast, the factual circumstances here are entirely different. This case involves an expired agency action, not repealed legislation. Further, unlike in *McCardle,* where the legislature's repeal of the statute left the court without jurisdiction and thus unable to proceed,

Congress has not repealed the statute providing the Court with jurisdiction over Sea Shepherd's claims, 28 U.S.C. § 1581(i)(1)(D).

Moreover, because the *McCardle* court concluded it lacked jurisdiction and had to dismiss the case, its discussion of the "general rule" for repealed statutes that NOAA exclusively relies on in its motion is dicta. *McCardle*, 74 U.S. at 514; Defs. Mot. at 7. Even if the general rule discussed in *McCardle* were relevant, it speaks only about the legislatures repealing statutes and not the implication of an agency's administrative findings expiring, as is at issue here. And further, NOAA fails to recognize, much less address, the well-established line of case law creating exceptions to mootness, including the "capable of repetition, yet evading review" exception that the 2020 Comparability Findings meet, as explained above.

In addition, citing to *McCardle,* the United States comments that given the expiration of the 2020 Comparability Findings, the Court should treat those Findings as if they "never existed." Defs. Mot. at 7. But the Supreme Court was referring to the effect of repealed legislation on ongoing or future actions—for such actions, it is as if the legislation "never existed," whereas for "transactions past and closed," the repealed legislation did exist. *McCardle*, 74 U.S. at 514 (emphasis added) (noting that courts are to consider repealed legislation "*except as to transactions past and closed*, as if it never existed"). This reasoning makes sense, because repealed legislation could not, absent some sort of express carveout or exception, apply to ongoing or future actions.

The United States does not explain the relevance of the "existence" of the 2020 Comparability Findings to its mootness argument. Regardless, despite their expiration, the Findings did and do continue to "exist." They are not moot because, as explained above, they are capable of repetition, yet evading review. They also exist in the sense that they are linked to NOAA's denial of Sea Shepherd's Supplemental Petition because that the denial was based largely

11

on NOAA's decision to issue the Findings.[2] In addition, New Zealand's pending application relies upon and cites New Zealand's 2020 Comparability Findings application, the contents of which NOAA relied upon heavily when issuing those findings. Therefore, despite their expiration, the Findings are still highly relevant and cannot be treated as if they did not exist.

## CONCLUSION

For the foregoing reasons, the Court should deny NOAA's motion to dismiss.

Dated this 9th day of March, 2023.

                                            Respectfully submitted,

                                            s/ *Lia Comerford*
                                            Lia Comerford
                                            Earthrise Law Center at Lewis & Clark Law School
                                            10101 S. Terwilliger Blvd.
                                            Portland, OR 97219
                                            (503) 768-6823
                                            comerfordl@lclark.edu

                                            Kevin Cassidy
                                            Earthrise Law Center at Lewis & Clark Law School
                                            P.O. Box 445
                                            Norwell, MA 02061
                                            (781) 659-1696
                                            cassidy@lclark.edu

---

[2] The United States' motion does not relate to Sea Shepherd's claim challenging NOAA's denials of its Petitions, or to the Court's preliminary injunction. Defs. Mot. at 6 n.2. As such, even if the Court grants the United States' motion, a live controversy will remain between Sea Shepherd and the United States.

## CERTIFICATE OF COMPLIANCE

Pursuant to Court of International Trade Standard Chambers Procedure 2(B), I hereby certify that Plaintiffs' Response in Opposition to Defendants' Partial Motion to Dismiss complies with the word limitation of 14,000 words. There are 3,759 words in this document (including headings, footnotes, and quotations), as counted by Microsoft Word, the word processor used to prepare the brief.

Dated this 9th day of March, 2023.

                                                        s/ *Lia Comerford*
                                                       Lia Comerford
                                                       Earthrise Law Center at Lewis & Clark Law School
                                                       10101 S. Terwilliger Blvd.
                                                       Portland, OR 97219
                                                       (503) 768-6823
                                                       comerfordl@lclark.edu