IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| SEA SHEPHERD NEW ZEALAND and SEA SHEPHERD CONSERVATION SOCIETY,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES, *et al.*,<br>    Defendants. | Ct. No. 20-00112 |

**DEFENDANTS' REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

In our partial motion to dismiss, ECF No. 132, we demonstrated that count III of the supplemental amended complaint, ECF No. 46, is moot because the contested *2020 Comparability Findings* have expired by their own terms. *Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act-Notification of Rejection of Petition and Issuance of Comparability Findings*, 85 Fed. Reg. 71,297 (Dep't of Commerce Nov. 9, 2020), P.R. 1. Sea Shepherd opposes, ECF No. 134 (Resp.), contending that the *2020 Comparability Findings* are capable of repetition but evading review. This is wrong because no fish or fish product can ever enter the United States based on the now expired *2020 Comparability Findings*. Should National Oceanic and Atmospheric Administration (NOAA) ever grant comparability findings for the subject commercial fisheries, such action will stem from a *de novo* proceeding based entirely on a different and revised application, facts, and administrative record. Under Sea Shepherd's reasoning, any agency action that possesses a finite duration would remain justiciable long after expiration – making advisory opinions the norm as opposed to the very rare exception.

**ARGUMENT**

I.  **The *2020 Comparability Findings* Are Not Capable Of Repetition Yet Evading Review**

The *2020 Comparability Findings* are not capable of repetition but evading review because there is no reasonable expectation that any party will be subjected to the same action. By regulation, NOAA assesses whether to grant comparability findings every four years based on the content of applications submitted no later than 13 months before the beginning of each comparability period. Each successive application would necessarily be based on different facts than the preceding applications, reflecting changes to marine mammal populations, commercial fishing technology, regulations of the United States, and the exporting country's regulations.

The capable of repetition yet evading review "exception applies 'only in exceptional situations,' where (1) 'the challenged action is in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there is a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *NIKA Techs., Inc. v. United States*, 987 F.3d 1025, 1027 (Fed. Cir. 2021) (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016)) (cleaned up). Neither element is present here.

A.  **The Four-Year Regulatory Duration Is Sufficient For Litigation**

Comparability findings are to "remain valid for 4 years from publication or for such other period as the Assistant Administrator may specify." 50 C.F.R. § 216.24(h)(8)(iv). Sea Shepherd nevertheless contends that four years is an insufficient amount of time to litigate a case. Yet, it identifies no cases in which a court has concluded that four years was an insufficient amount of time to fully litigate a case. To be sure, *Kingdomware* held on its facts that two years was insufficient in the context of protests of procurements at the Court of Federal Claims where performance of a Government contract would be completed during litigation and the

disappointed bidder would be unable to perform even if it were to prevail.  579 U.S. at 170.  Sea Shepherd also cites some cases from the Court of Appeals for the Ninth Circuit concluding that three years was insufficient to complete litigation.  Resp. at 8-9.  In contrast, four years is more than sufficient to litigate a case in the Court of International Trade involving imports, especially where a moving party might obtain a preliminary injunction as in this case.

> **B.      Sea Shepherd's Assumptions And Contingencies Fail To Establish That This Matter Is Capable Of Repetition**

Sea Shepherd speculates that, because the Court preliminarily concluded that Sea Shepherd had possessed a likelihood of success in its challenge to the *2020 Comparability Findings*, it is likely to be subject to the "same action" in the future because NOAA is likely to make the same alleged errors based on the same underlying facts in future proceedings.  Resp. at 3.  But it identifies no underlying agency policies, regulations, guidelines, or recurrent identical agency action that is allegedly unlawful or erroneous along with a basis to believe that NOAA will repeat any error in future proceedings.  As Sea Shepherd contends "[t]he same action generally refers to particular agency policies, regulations, guidelines, or recurrent identical agency actions." *Id*. (quoting *Ralls Corp. v. Comm. on Foreign Invasion in U.S.*, 758 F.3d 296, 324 (D.C. Cir. 2014)).  There must be more than a bare allegation that an agency got it wrong once so it will make the same mistake again, but that is Sea Shepherd's argument.

Given Sea Shepherd's failure to identify anything objectionable that would carry through to future proceedings, this case differs significantly from *Greenpeace Action v. Franklin*, 14 F.3d 1324 (9th Cir. 1992), on which Sea Shepherd heavily relies.  *Greenpeace* involved an allegation that the biological opinion underlying a final agency action was inadequate.  *Id*. at 1329.  Even after the final agency action had expired, the agency continued to use the allegedly flawed biological opinion in other determinations.  *Id*. at 1330.  That is not the case here.  Similarly, Sea

Shepherd's other cases at pages six and seven of its response involve similar underlying policies that continued in other proceedings. *See Kentucky Riverkeeper, Inc. v. Rowlette*, 714 F.3d 402, 406 (6th Cir. 2013) (although challenged permit expired, agency had granted "reauthorizations" that "allow[ed] projects authorized in reliance on permit 21's challenged cumulative-impacts analysis"); *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 857 (9th Cir. 1999) (evidence of subsequent issuance of similar permits); *Gaule v. Meade*, 402 F. Supp. 2d 1078, 1083 (D. Alaska 2005) (Forest Service considered challenged Environmental Impact Statement sufficient for future permitting).

      Without anything concrete like the biological opinion in *Greenpeace*, Sea Shepherd appears to accuse NOAA of being a rubber stamp for whatever New Zealand submits to the agency. Resp. at 4. Of course, Government employees are presumed to act in good faith. *Galen Med. Assocs., Inc. v. United States*, 369 F.3d 1324, 1330 (Fed. Cir. 2004); *see also, Torncello v. United States*, 681 F.2d 756, 770 (Ct. Cl. 1982) (equating proof of bad faith "with evidence of some specific intent to injure the plaintiff."). The imports regulation requires applications to include "documentary evidence demonstrating that the harvesting nation has met the [necessary] conditions . . . for each of such fisheries, including reasonable proof as to the effects on marine mammals of the commercial fishing technology in use in the fishery for fish or fish products exported from such nation to the United States." 50 C.F.R. § 216.24(h)(6)(i). NOAA also "may require the submission of additional supporting documentation or other verification of statements made in an application for a comparability finding." *Id*. NOAA then issues its determinations based on the application, supporting materials, and any other evidence that it believes to be necessary. 50 C.F.R. § 216.24(h)(6)(ii). Sea Shepherd lacks any basis to contest the fact that NOAA will perform this *de novo* analysis in good faith based on its expertise.

Unable to identify any challenged part of the *2020 Comparability Findings* that will carry forward to future proceedings, Sea Shepherd instead speculates about the outcome of those future matters. The appellate court has roundly rejected such an expansive view of a matter being capable of repetition. *Ebanks v. Shulkin*, 877 F.3d 1037, 1039 (Fed. Cir. 2017). In Ebanks, a veteran, had sought administrative review before a board of a Department of Veterans Affairs (VA) decision denying him an increased disability rating. After two years had passed without the board scheduling a hearing, the veteran sought a writ of *mandamus* to compel a hearing. While the *mandamus* case was pending, the board scheduled a hearing. The Federal Circuit concluded that the matter was not capable of repetition because there were too many contingencies before the board might delay additional hearings. Specifically, the board would have to remand the matter to the original adjudicator and, if dissatisfied, the veteran would need to seek board review a second time. The court explained: "Given these many contingencies, Mr. Ebanks has not shown a sufficiently reasonable expectation that he will again be subjected to the same action." *Id*. at 1039. Here, NOAA would also need to make the same errors alleged in this case to grant comparability findings in a *de novo* proceeding involving an entirely new factual record. All of these contingencies render count III incapable of repetition.

### III.     This Imports Case Is Moot

At bottom, this case involves whether certain merchandise may enter the commerce of the United States during a discrete time span that has now passed. Sea Shepherd's attempts to distinguish *Ex parte McCardle*, 74 U.S. 506 (1868) are unavailing because, just as the underlying statute had expired in that case, the underlying determination governing imports of specified merchandise expired by its own terms.

This is an international trade case involving imports of merchandise during a discrete period. It cannot result in a ruling governing the commercial fishing technologies in the Māui dolphin's range. Before it became moot, the challenge to the *2020 Comparability Findings* only could have resulted in a ruling barring or allowing the entry of merchandise until December 31, 2022. "A case will be dismissed as moot when the challenge presented to the Court cannot result in a meaningful remedy." *Verson, a Div. of Allied Prod. Corp. v. United States*, 5 F. Supp. 2d 963, 966 (Ct. Int'l Trade 1998).

Instead, given the cyclical nature of comparability findings, this case is more akin to antidumping or countervailing duty cases that become moot once all entries subject to the case have liquidated. *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1329 (Fed. Cir. 2008) (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983)). "The Supreme Court has explained that a case becomes moot when it has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid [advisory] opinions on abstract propositions of law.'" *Shandong Huarong Mach. Co. v. United States*, 32 C.I.T. 1316, 1321 (2008) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)) (bracketing by Court). Here, the abstract proposition that the Court would be addressing in Sea Shepherd's challenge to the *2020 Comparability Findings* is whether the United States should have either barred or allowed entry of certain merchandise before January 1, 2023, where the stale underlying record of the *2020 Comparability Findings* is insufficient to support a new determination. Such a weak thread cannot revive a case or controversy.

## **CONCLUSION**

For these reasons as well as those in our motion to dismiss, we respectfully request that the Court dismiss count III of the supplemental amended complaint.

                                                  Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  /s/ PATRICIA M. McCARTHY
                                                  Director

| OF COUNSEL: | /s/ STEPHEN C. TOSINI |
|---|---|
| JASON S. FORMAN | Senior Trial Counsel |
| Office of General Counsel | Department of Justice |
| National Oceanic & Atmospheric | Civil Division |
|   Admin. | Commercial Litigation Branch |
| Silver Spring, MD | P.O. Box 480, Ben Franklin Station |
| | Washington, DC 20044 |
| | Tel.: (202) 616-5196 |
| March 29, 2023 | Attorneys for Defendants |