## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATEWS, et al., ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> NEW ZEALAND GOVERNMENT, ) <br> ) <br> Defendant-Intervenor. ) | Civil Action No. 1:20-cv-00112-GSK <br><br> Before:  Judge Gary S. Katzmann |

### UNOPPOSED MOTION OF THE GOVERNMENT OF NEW ZEALAND TO DISSOLVE THE PRELIMINARY INJUNCTION

By order dated November 28, 2022, this Court granted the Plaintiffs' Renewed Motion for Preliminary Injunction, which *inter alia*, enjoined the Defendants and ordered them to "immediately ban the importation from New Zealand" of nine types of seafood deriving from New Zealand's West Coast North Island inshore trawl fishery and West Coast North Island inshore set net fishery.  See ECF No.109.  On January 24, 2024, the National Oceanic and Atmospheric Administration published notice of its issuance of positive comparability findings for these two fisheries in which it found that, effective for the period from February 21, 2024 through December 31, 2025, the Government of New Zealand ("GNZ") had established that its fisheries' measures for reducing the bycatch of Māui dolphins satisfy the provisions of the Marine Mammal Protection Act.  89 Fed. Reg. 4395 (Jan. 24, 2024).  NOAA's notice stated that:

> As a result of these findings, NMFS announces the issuance of positive comparability findings that will allow the importation into the United States of fish and fish products harvested by New Zealand's set-net and trawl fisheries operating off the West Coast North Island within the Māui dolphin's range.

Case 1:20-cv-00112-GSK   Document 152   Filed 03/19/24   Page 2 of 3

Id. at 4597.  See ECF No. 144, which is the Defendants' Status Report in Response to the Court's Order of July 14, 2023.

As a result of NOAA's issuance of the comparability findings, the need for continuation of the preliminary injunction has been mooted.  After consultation with undersigned counsel for the GNZ, the Defendants have consented to the GNZ's Motion, and the Plaintiffs have stated that they do not oppose the GNZ's Motion.

For these reasons, and pursuant to USCIT Rules 7(b) and 7(f), the GNZ respectfully requests that this Court issue the attached proposed order that would dissolve the Preliminary Injunction that it issued on November 28, 2022.  Generally, courts have the inherent power and discretion to modify injunctions.  See, e.g., AIMCOR Ala. Silicon, Inc. v United States, 83 F.Supp.2d 1293, 1299 (1999).  The party seeking to modify a preliminary injunction bears the burden of establishing a change in circumstances that would make continuation of the original inequitable.  Ad Hoc Shrimp Trade Action Comm. v. United States, 562 F.Supp.2d 1383, 3188 (2007).  Such a change may be established "by showing either a significant change in factual conditions or law."  11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §2961 (3d ed. 2022).

NOAA's issuance of the comparability findings on January 24, 2024 constitutes a significant change in factual conditions and law.

                Respectfully submitted,

                /s/ Warren E. Connelly
                Warren E. Connelly (Lead counsel)
                Robert G. Gosselink
                Kenneth N. Hammer
                **Trade Pacific PLLC**
                700 Pennsylvania Avenue, SE, Suite 500
                Washington, D.C. 20003
                Phone:  202-223-3760

Date submitted:  March 19, 2024        *Counsel for the Government of New Zealand*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| SEA SHEPHERD NEW ZEALAND, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES, et al., | ) | Civil Action No. 1:20-cv-00112-GSK |
| Defendants, | ) | Before: Judge Gary S. Katzmann |
| and | ) | |
| NEW ZEALAND GOVERNMENT, | ) | |
| Defendant-Intervenor. | ) | |

**<u>ORDER</u>**

Upon consideration of the Government of New Zealand's unopposed motion to dissolve the preliminary injunction, it is hereby ORDERED that the motion is GRANTED and the November 28, 2022 preliminary injunction is DISSOLVED.

Dated: _____  
New York, NY

_____  
JUDGE