Slip Op. 24-37

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND and SEA SHEPHERD CONSERVATION SOCIETY,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES; GINA M. RAIMONDO, *in her official capacity as Secretary of Commerce*; UNITED STATES DEPARTMENT OF COMMERCE; JANET COIT, *in her official capacity as Assistant Administrator of the National Marine Fisheries Service*; NATIONAL MARINE FISHERIES SERVICE; JANET YELLEN, *in her official capacity as Secretary of the Treasury*; UNITED STATES DEPARTMENT OF THE TREASURY; ALEJANDRO MAYORKAS, *in his official capacity as Secretary of Homeland Security*; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants,<br><br>    and<br><br>NEW ZEALAND GOVERNMENT,<br><br>    Defendant-Intervenor. | Before: Gary S. Katzmann, Judge<br>Court No. 20-00112 |

## OPINION

[ In light of NOAA's new comparability findings, Defendant-Intervenor's Unopposed Motion to Dissolve the Preliminary Injunction is granted. The court intimates no view as to those new comparability findings. ]

Dated: <u>April 1, 2024</u>

Lia Comerford, Earthrise Law Center at Lewis & Clark Law, of Portland, OR, for Plaintiffs Sea Shepherd New Zealand and Sea Shepherd Conservation Society.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendants United States, Gina M. Raimondo, in her official capacity as Secretary of United States Department of Commerce; Janet Coit, in her official capacity as Assistant Administrator of her the National Marine Fisheries Service; National Marine Fisheries Service; Janet Yellen, in her official capacity as Secretary of Treasury United States Department of the Treasury; Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; and United States Department of Homeland Security.  With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, and Patricia M. McCarthy, Director.  Of counsel was Jason S. Forman, Office of the General Counsel, National Oceanic and Atmospheric Administration, of Silver Spring, MD.

Warren E. Connelly, Robert G. Gosselink and Kenneth N. Hammer of Trade Pacific PLLC, of Washington, D.C., for Defendant-Intervenor New Zealand Government.

Katzmann, Judge:  The court returns once more to the case of the critically endangered Māui dolphin—one of the world's smallest dolphins—that is endemic to New Zealand.  See Sea Shepherd N.Z. v. United States ("Sea Shepherd I"), 44 CIT __, 469 F. Supp. 3d 1330 (2020), ECF No. 38; Sea Shepherd N.Z. v. United States ("Sea Shepherd II"), 46 CIT __, 606 F. Supp. 3d 1286 (2022), ECF No. 108; Sea Shepherd N.Z. v. United States ("Sea Shepherd III"), 47 CIT __, 611 F. Supp. 3d 1406 (2023), ECF No. 131; Sea Shepherd N.Z. v. United States ("Sea Shepherd IV"), 47 CIT __, 639 F. Supp. 3d 1367 (2023), ECF No. 136.  Sea Shepherd New Zealand and Sea Shepherd Conservation Society ("Plaintiffs") initiated this lawsuit with the fundamental claim that as a result of incidental capture—also referred to as "bycatch"—in gillnet and trawl fisheries within their range, the Māui dolphin population is declining such that a U.S. ban on importing certain fish and fish products from New Zealand is required by the Marine Mammal Protection Act ("MMPA"). See First Supp. Compl. ¶¶ 1–4, Nov. 24, 2020, ECF No. 46.  On November 28, 2022, the court entered a preliminary injunction ordering several United States agencies and officials ("Defendants") to "immediately ban the importation from New Zealand" of nine types of seafood deriving from New Zealand's West Coast North Island inshore trawl and set net fisheries, unless

Case 1:20-cv-00112-GSK     Document 153     Filed 04/01/24     Page 3 of 5

Court No. 20-00112                                                                                                   Page 3

affirmatively identified as having been caught with a gear type other than gillnets or trawls. Order at 2, Nov. 28, 2022, ECF No. 109; see also Sea Shepherd II, 606 F. Supp. 3d at 1286. Defendant-Intervenor New Zealand now moves to dissolve that preliminary injunction.

Creating with certain exceptions a "moratorium on the taking and importation of marine mammals and marine mammal products," the MMPA aims to protect marine mammals by setting forth U.S. standards applicable both to domestic commercial fisheries and to foreign fisheries that wish to export their products to the United States, like those in New Zealand. 16 U.S.C. § 1371(a). If such U.S. standards are not met, the MMPA calls for a mandatory ban. See id. § 1371(a)(2). Administering that statute, the National Oceanic and Atmospheric Administration's ("NOAA") Imports Regulation requires foreign harvesting nations to secure "comparability findings" for their fisheries importing fish and fish products into the United States and establishes that any fish or fish product harvested in a fishery for which a valid comparability finding is not in effect is in excess of U.S. standards and thereby prohibited from import. See 50 C.F.R. § 216.24(h)(1)(i).

The November 28, 2022 preliminary injunction was premised on Plaintiffs' challenge, as pleaded in their First Supplemental Complaint, to NOAA's decision on November 9, 2020, which did not impose an import ban as requested by Plaintiffs' supplemental petition and instead issued positive comparability findings for New Zealand's West Coast North Island inshore trawl and set net fisheries. See First Suppl. Compl.; Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Rejection of Petition and Issuance of Comparability Findings, 85 Fed. Reg. 71297, 71298 (NOAA Nov. 9, 2020); see also Sea Shepherd I, 469 F. Supp. 3d 1330; Sea Shepherd II, 606 F. Supp. 3d 1286; Sea Shepherd III, 611 F. Supp. 3d 1406; Sea Shepherd IV, 639 F. Supp. 3d 1367. On January 24, 2024, NOAA published notice of its issuance of new positive comparability findings for New Zealand's West Coast North Island

inshore trawl and set net fisheries, based on supplemental information provided by Plaintiffs and New Zealand. See Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Issuance of Comparability Findings, 89 Fed. Reg. 4595, 4596 (NOAA Jan. 24, 2024). NOAA found that, effective for the period from February 21, 2024, through December 31, 2025, New Zealand had established that its fisheries' measures for reducing the bycatch of Māui dolphins satisfy the provisions of the MMPA. See id.[1]

New Zealand now moves to dissolve the preliminary injunction. See Unopposed Mot. of the Gov't of N.Z. to Dissolve the Prelim. Inj., Mar. 19, 2024, ECF No. 152. Plaintiffs do not oppose, and Defendants consent to, the dissolution of the preliminary injunction. See id. at 2. The court concludes that NOAA's issuance of the new comparability findings, which supersede the administrative actions underlying the preliminary injunction, constitutes a "significant change in factual conditions and law." Sea Shepherd III, 611 F. Supp. 3d at 1409–10 (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2961 (3d ed. 2022)). New Zealand's motion is granted.

To be clear, this opinion does not preclude future legal challenges to NOAA's new comparability findings. Nor does the court suggest any view on those new comparability findings. All this opinion means is that the particular administrative decision underlying the November 28, 2022 preliminary injunction is no longer operative. The Māui dolphin remains critically

---

[1] NOAA's notice stated:

> As a result of these findings, [the National Marine Fisheries Service] announces the issuance of positive comparability findings that will allow the importation into the United States of fish and fish products harvested by New Zealand's set-net and trawl fisheries operating off the West Coast North Island within the Māui dolphin's range.

Id. at 4597.

endangered, and current estimates indicate that approximately forty-three dolphins remain. See R. Constantine, Int'l Union for Conservation of Nature and Nat. Res., The IUCN Red List of Threatened Species: Cephalorhynchus hectori ssp. maui 1 (2023), https://www.iucnredlist.org/species/39427/50380174; Mem. from A. Cole to J. Coit, re: Issuance of Comparability Findings for the Government of New Zealand's Set-Net and Trawl Fisheries—Decision Memorandum at 2 (NOAA Jan. 2, 2024), ECF No. 144-2 ("Decision Mem.").

Furthermore, this litigation is not yet concluded. In response to the parties' Joint Motion to Govern Further Proceedings, Feb. 28, 2024, ECF No. 150, the court issued an order that (1) adopted the parties' proposal to submit, within sixty days, a joint filing or separate filings with an update on the parties' negotiations for this case's stipulated dismissal, which may include issues of terms of dismissal, attorneys' fees, and costs, and (2) required the parties to include a statement on their views of the status of the claims asserted in Plaintiffs' First Supplemental Complaint. See Order, Mar. 13, 2024, ECF No. 151.

It is hereby **ORDERED** that the preliminary injunction against Defendants, their agents and their employees, and those in active concert and participation with them, see Order at 2, ECF No. 109, is **DISSOLVED**.

**SO ORDERED.**

/s/     Gary S. Katzmann
                                                                                                                      Judge

Dated: April 1, 2024
           New York, New York