## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND, et al.,<br><br>       Plaintiffs,<br>v.<br><br>UNITED STATES, et al.,<br><br>       Defendants.<br><br>and<br><br>NEW ZEALAND GOVERNMENT,<br>Defendant-Intervenor. | Civil Action No. 1:20-cv-00112-GSK<br><br>Before: Judge Gary S. Katzmann<br><br>**[PROPOSED] ORDER GRANTING CONSENT MOTION TO EXTEND THE STAY OF THE CASE** |

      Having considered the Status Report and Consent Motion to Extend the Stay of the Case, the Court hereby **GRANTS** that Motion. The case will remain stayed for an additional 30 days from the date of this Order to allow the Parties time to finish negotiating the dismissal of the case and Plaintiffs' claim for attorneys' fees and costs. Within 30 days of the granting of this Motion, the Parties must file with the Court one of the following: (1) a proposed stipulated dismissal of the case, accounting for Plaintiffs' claim for fees and costs; (2) a status report and motion to extend the stay of the case, if the Parties need additional time to attempt to resolve Plaintiffs' claim for attorneys' fees and costs or terms of dismissal; or (3) a motion reflecting that the Parties have determined that they cannot reach a resolution of Plaintiffs' request for attorneys' fees and costs or otherwise disagree about the form of a proposed order to the Court.

Signed at _____ this _____ day of _____, 2024.

_____
Judge Gary S. Katzmann

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEA SHEPHERD NEW ZEALAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants.<br><br>and<br><br>NEW ZEALAND GOVERNMENT,<br>Defendant-Intervenor. | Civil Action No. 1:20-cv-00112-GSK<br><br>Before: Judge Gary S. Katzmann<br><br>**STATUS REPORT AND CONSENT MOTION TO EXTEND THE STAY OF THE CASE** |

   Pursuant to the Court's March 13, 2024 Order (ECF No. 151), Plaintiffs Sea Shepherd New Zealand and Sea Shepherd Conservation Society hereby file this Status Report and Consent Motion to Extend the Stay of the Case. Through this Status Report and Motion, Plaintiffs propose that the Court continue the existing stay of the litigation for a period of 30 days to enable the Parties to finish negotiating a resolution of the case without further Court involvement. In accordance with Local Rule 7, Plaintiffs certify that the Parties conferred prior to filing this Motion. Defendants and Defendant-Intervenor consent to this motion.

   In support of this Motion, Plaintiffs state as follows:

   1.  On November 28, 2022, this Court issued a preliminary injunction with respect to Plaintiffs' second and third claims, finding that Plaintiffs are likely to prevail on the merits of their second and third claims for relief; that Plaintiffs are likely to suffer irreparable harm absent a preliminary injunction; that the balance of equities favors granting a preliminary injunction; and that a preliminary injunction is in the public interest. *See generally*, ECF No. 108. As part of its Order granting Plaintiffs' motion for a preliminary injunction, the Court also granted Defendants'

and Defendant-Intervenor's Motions to Dismiss Plaintiffs' first claim. *Id.*

2. The Court's preliminary injunction Order required Defendants to ban the importation from New Zealand of certain fish species deriving from New Zealand's West Coast North Island inshore trawl and set net fisheries unless the fish was affirmatively identified as being caught with fishing gear types other than set nets or trawls. ECF No. 109 at 2.

3. On July 7, 2023, the Parties jointly moved the Court to stay the litigation until Defendant National Marine Fisheries Service ("NMFS" or "NOAA"), issued its decision on the Government of New Zealand's pending comparability finding applications for New Zealand's North Island West Coast Fisheries. *See* ECF No. 137. The Court granted that motion on July 14, 2023. *See* ECF No. 138.

4. On January 24, 2024, Defendant NOAA published in the Federal Register a notice that it had issued comparability findings for New Zealand's West Coast North Island multi-species set-net and trawl fisheries. ECF No. 144-1 (Federal Register notice). The Federal Register notice states that the new comparability findings "are valid from February 21, 2024." *Id.*

5. On February 28, 2024, the Parties filed a Joint Motion to Govern Further Proceedings. ECF No. 150. In that Joint Motion, the Parties informed the Court that they were proposing to resolve the case through a motion for dismissal pursuant to Federal Rule of Civil Procedure 41, but required additional time to negotiate the terms of this dismissal, as well as Plaintiffs' claim for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). As such, the Parties jointly moved to continue the existing stay to allow time for these negotiations to occur, and proposed to file with the Court within 60 days of the granting of that Motion: (1) a proposed stipulated dismissal of the case, accounting for Plaintiffs' claim for fees and costs; (2) a status report and motion to extend the stay of the case, if the Parties need additional time to attempt

to resolve Plaintiffs' claim for attorneys' fees and costs or terms of dismissal; or (3) a motion reflecting that the Parties have determined that they cannot reach a resolution of Plaintiffs' request for attorneys' fees and costs or otherwise disagree about the form of a proposed order to the Court. The Court granted the Parties' Joint Motion on March 13, 2024. ECF No. 151.

6. In the ensuing months, Plaintiffs and Defendants have conferred several times regarding Plaintiffs' claim for fees and costs in this case. Plaintiffs have made an offer to resolve this matter, and that offer is currently undergoing internal review pursuant to the Department of Justice's regulations. As such, an extension of the stay by additional 30 days is requested. This will also allow the Parties time to negotiate the final dismissal.

7. Continuing the existing stay is warranted and appropriate. This Court possesses wide discretion to stay judicial proceedings where "it is efficient for its own docket and the fairest course for the parties . . . ." *Diamond Sawblades Mfrs' Coal. v. United States*, 34 C.I.T. 404, 406 (CIT 2010) (quoting *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863–64 (9th Cir. 1979). Continuing the existing stay will conserve judicial resources and is the most efficient use of the Parties' time because, if Plaintiffs and Defendants are able to resolve and agree upon fees and costs prior to dismissal of the case, that would avoid the need for the Parties to brief this issue before the Court. This will also allow the Parties time to resolve and agree upon the language of any proposed dismissal document. A stay of judicial proceedings is therefore in the public interest. Further, a stay here is particularly appropriate since all Parties consent to this motion.

8. For these reasons, Plaintiffs request that the Court grant this Consent Motion and continue the existing stay. If this Motion is granted, the Parties propose to file with the Court within 30 days of the granting of this Motion: (1) a proposed stipulated dismissal of the case, accounting for Plaintiffs' claim for fees and costs; (2) a status report and motion to extend the stay of the case,

if the Parties need additional time to attempt to resolve Plaintiffs' claim for attorneys' fees and costs or terms of dismissal; or (3) a motion reflecting that the Parties have determined that they cannot reach a resolution of Plaintiffs' request for attorneys' fees and costs or otherwise disagree about the form of a proposed order to the Court.

9. In its March 13, 2024 Order, the Court also ordered the Parties to "include a statement on the Parties' views of the status of the claims asserted in Plaintiffs' First Supplemental Complaint[.]" ECF No. 151 at 2. In light of NOAA's issuance of the new comparability findings for New Zealand's West Coast North Island multi-species set-net and trawl fisheries (*see* paragraph 4, above), Plaintiffs' third claim for relief (challenging NOAA's October 26, 2020 comparability finding) is likely moot. Plaintiffs are not going to challenge the new comparability findings or further pursue their second claim for relief (challenging NOAA's denials of Plaintiffs' Petitions). As such, once Plaintiffs and Defendants resolve Plaintiffs' request for attorneys' fees and costs, the Parties intend to submit a proposed stipulated dismissal of the case.

Dated this 10th day of May, 2024.

                                      Respectfully submitted,

                                      s/ Lia Comerford
                                      Lia Comerford
                                      Allison LaPlante
                                      Earthrise Law Center at Lewis & Clark Law School
                                      10101 S. Terwilliger Blvd.
                                      Portland, OR 97219
                                      (503) 768-6823 (Comerford)
                                      (503) 768-6894 (LaPlante)
                                      comerfordl@lclark.edu
                                      laplante@lclark.edu

                                      *Attorneys for Plaintiffs*