IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| SEA SHEPHERD NEW ZEALAND and SEA SHEPHERD CONSERVATION SOCIETY, <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES, *et al.*, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Ct. No. 20-00112 |

## STIPULATION AND PROPOSED ORDER OF
## VOLUNTARY DISMISSAL UNDER USCIT R. 41(a)(2)

### RECITALS

WHEREAS, on May 21, 2020, Sea Shepherd New Zealand and Sea Shepherd Conservation Society (together, Plaintiffs) filed a complaint against United States, *et al.* (together, Defendants), ECF No. 5;

WHEREAS Plaintiff Sea Shepherd New Zealand is a nonprofit entity with fewer than 500 employees and a net worth of less than $7,000,000.00 (US);

WHEREAS Plaintiff Sea Shepherd Conservation Society is a section 501(c)(3) entity under the Internal Revenue Code, with fewer than 500 employees.

WHEREAS, Plaintiffs' First Claim for Relief alleged the lack of a ban on imports of fish and fish products caught with gill nets or trawl nets in the habitat of the Māui dolphin violated the Marine Mammal Protection Act (MMPA) ban on "the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of U.S. standards," 16 U.S.C. § 1371(a)(2), and the Second Claim for Relief alleged that National Oceanic and

Atmospheric Administration acted arbitrarily and capriciously under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), by denying Plaintiffs' petition to impose an import ban;

WHEREAS, on July 21, 2020, the Government of New Zealand intervened in this case as Defendant-Intervenor, ECF No. 24;

WHEREAS, on August 13, 2020, the Court granted Defendants' motion for voluntary remand, *Sea Shepherd New Zealand v. United States*, 469 F. Supp. 3d 1330, 1332 (Ct. Int'l Trade 2020) (*Sea Shepherd I*), ECF No. 38;

WHEREAS, on October 30, 2020, NOAA filed remand results, in which it concluded that an import ban was not warranted under the MMPA, ECF No. 30;

WHEREAS, on November 24, 2020, plaintiffs filed a supplemental complaint, challenging the remand results, among other things, ECF No. 46;

WHEREAS, on November 28, 2022, the Court issued a preliminary injunction enjoining the importation of certain fish or fish products from the Māui dolphin's range that were caught with gill nets or trawl nets, *Sea Shepherd New Zealand v. United States*, 606 F. Supp. 3d 1286, 1310-23 (Ct. Int'l Trade 2022) (*Sea Shepherd II*), ECF No. 109;

WHEREAS, on January 24, 2024, NOAA published *Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act— Notification of Issuance of Comparability Findings*, 89 Fed. Reg. 4,595 (NOAA, Jan. 24, 2024), in the Federal Register. There, the agency concluded that New Zealand's protections for the Māui dolphin were comparable to those afforded to similarly threatened species in the United States and thus no import ban was warranted;

WHEREAS, on April 1, 2024, the Court dissolved its preliminary injunction imposed by *Sea Shepherd II*, *Sea Shepherd New Zealand v. United States*, 693 F. Supp. 3d 1364 (Ct. Int'l Trade 2024) (*Sea Shepherd III*);

WHEREAS, the Parties have reached an agreement as to Plaintiffs' claims for attorneys fees and litigation costs in this case pursuant to which Defendants agree to pay Plaintiffs $375,000.00 USD in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and/or any other statute and/or common law theory, through and including the date of this agreement, incurred in connection with this litigation; and

WHEREAS, USCIT R. 41(a)(2) provides that a plaintiff may request the voluntarily dismissal of an action "by court order, on terms that the court considers proper."

## STIPULATION

IT IS HEREBY STIPULATED by and between all Parties who have appeared in this action, through their respective attorneys of record, that pursuant to USCIT R. 41(a)(2):

1. The Court dismiss this action with prejudice;

2. Upon entry of the Parties' proposed order of voluntary dismissal, the United States shall pay Plaintiffs $375,000.00 USD pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), as provided in the terms of Plaintiffs' and Defendants' agreement on attorneys' fees and costs; and

3. The Court retains jurisdiction to enforce Defendants' payment obligations under Plaintiffs' and Defendants' agreement on attorneys' fees and costs associated with this case. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Respectfully submitted,

s/ Lia Comerford
LIA COMERFORD
Earthrise Law Center at Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97236
Tel: (503) 768-6823
comerford@lclark.edu

Kevin Cassidy
Earthrise Law Center
Lewis & Clark Law School
P.O. Box 445
Norwell, MA 02061
Tel: (781) 659-1696
cassidy@lclark.edu

Attorneys for Plaintiffs

s/ Warren E. Connelly
WARREN E. CONNELLY
Trade Pacific PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
Tel.: (202) 223-3760
Email: wconnelly@tradepacificlaw.com

Attorney for Defendant-Intervenor


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Director

4

<div style="margin-left:40%">

s/ Stephen C. Tosini
STEPHEN C. TOSINI
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
(202) 616-5196
Email:  stephen.tosini@usdoj.gov

Attorneys for Defendant

</div>

**[PROPOSED] ORDER OF VOLUNTARY DISMISSAL UNDER C.I.T. R. 41(a)(2)**

  This matter came before the Court on a Stipulation and Proposed Order of Voluntary Dismissal Under USCIT R. 41(a)(2), filed jointly by Plaintiffs Sea Shepherd New Zealand and Sea Shepherd Conservation Society, (together, Plaintiffs); Defendants, United States, *et al.*; and Defendant-Intervenor, the Government of New Zealand.  The Stipulation and Proposed Order present terms that the Court deems proper.  It is hereby GRANTED, and this matter is dismissed with prejudice. The Court retains jurisdiction to enforce Defendants' obligations under the Parties' agreement on attorneys' fees and costs associated with this case.

Dated: _____, 2024                 _____
                                                  JUDGE