IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| SEA SHEPHERD NEW ZEALAND and <br> SEA SHEPHERD CONSERVATION <br> SOCIETY, <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Ct. No. 20-00112 <br> ) <br> ) <br> ) <br> ) |

## SETTLEMENT AGREEMENT

For the purpose of disposing of this action, including plaintiffs' claims for attorney fees, litigation costs, and all other costs and expenses, without any further judicial proceedings and without there being any further appeal of any issue of law or fact, and without constituting an admission of liability on the part of defendants, and for no other purpose, the parties stipulate and agree as follows:

1.    Plaintiff Sea Shepherd New Zealand is a nonprofit entity with fewer than 500 employees and a net worth of less than $7,000,000.00 (US).

2.    Plaintiff Sea Shepherd Conservation Society is a section 501(c)(3) entity under the Internal Revenue Code, with fewer than 500 employees.

3.    The parties have negotiated a resolution to plaintiffs' claims for attorney fees, litigation costs, and all other costs, including but not limited to any future request for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), or any other provision of law, arising out of the claims in the above-captioned litigation.

4.      Plaintiffs have offered to settle their claim for fees and costs in this matter for $375,000.00 USD and agrees to dismiss their claims with prejudice. The United States agrees to pay Plaintiffs $375,000.00 USD in full and complete satisfaction of any and all claims, demands, rights, and causes of action for attorneys fees and litigation costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and/or any other statute and/or common law theory, or with respect to any administrative proceeding involving the United States' enforcement of the Marine Mammal Protection Act's import provision, 16 U.S.C. § 1371(a)(2), with respect to fish or fish products from New Zealand through and including the date of this agreement, incurred in connection with the claims in the above-captioned litigation.

5.      The United States' payment, as identified in Paragraph 4 above, shall be accomplished by electronic funds transfer to Earthrise Law Center's Oregon IOLTA Trust Account. Within thirty days of final execution of the Stipulation, Plaintiffs shall provide the following information necessary for the United States to process the electronic funds transfer: the payee's bank account number, account type, bank routing, transit number and tax identification number.

6.      Plaintiffs' offer has been accepted on behalf of the Attorney General.

7.      Promptly upon execution of this agreement by the United States, all Plaintiffs (i) shall join with the United States in stipulating to the dismissal of this action with prejudice, and with each party to bear its own attorney fees and costs except as provided by this agreement, and (ii) shall file the joint stipulation.

8.      The United States will use its best efforts to pay the settlement amount as described in paragraph 4 of this settlement agreement within 30 days of the date that it receives the information necessary to process the electronic funds transfer as described in paragraph 5 of this

agreement. If Plaintiffs do not receive the payment required by paragraph 4 of this agreement within 30 days of the date that it receives the information necessary to process the electronic funds transfer as described in paragraph 5, Plaintiffs and Defendants shall confer to determine the reason for delay. In the event that Plaintiffs do not receive the payment required by paragraph 5 of this agreement within 30 days of the date that it receives the information necessary to process the electronic funds transfer as described in paragraph 5, Plaintiffs, after conferral, may seek to enforce this agreement before the Court.

9. Upon satisfaction of the payment terms set forth in paragraph 5, Plaintiffs, Earthrise Law Center and Sea Shepherd Legal release, waive, and abandon all claims for attorney fees, litigation costs, and other costs against the United States, its political subdivisions, its officers, agents, and employees, including National Oceanic and Atmospheric Administration (NOAA), arising out of the claims involved in this case.

10. This agreement is in no way related to or concerned with income or other taxes for which any party is now liable or may become liable in the future as a result of this agreement.

11. Plaintiffs, Earthrise Law Center and Sea Shepherd Legal warrant and represent that no other action or suit against Defendants with respect to the claims for attorney fees, litigation costs, and other costs advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiffs further warrant and represent that no plaintiff has made any assignment or transfer of all or any part of rights arising out of or relating to the claims for attorney fees, litigation costs, and other costs advanced in this suit, with the exception of assignments or transfers to Earthrise Law Center and Sea Shepherd Legal, Plaintiffs' counsel in this case. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this agreement

shall be refunded promptly by the Plaintiff(s) who violated the warranties and representations, together with interest thereon at the rates provided in 41 U.S.C. § 7109, computed from the date the United States makes payment.

12. This agreement is for the purpose of settling the claims in this case, and for no other. Accordingly, this agreement shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the Parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this agreement.

13. The parties agree that no provision in this agreement, whether express or implied (except for the obligation of the United States to pay the amounts described in paragraph 4 of this agreement), shall mandate the payment of any money by the United States. Nothing in this agreement shall be interpreted as, or shall constitute, a requirement that the United States is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law. The parties further agree that any alleged breach of any obligation or provision of this settlement agreement, whether express or implied, shall not give rise to any claim for money damages against the United States, including any claim under the Tucker Act for money damages, and Plaintiffs expressly waives any right to assert such a claim. The parties also agree that the Court shall retain jurisdiction to enforce the payment obligations described in paragraphs 4 and 5 of this agreement.

14. Plaintiffs' counsel represents that they have been and are authorized to enter into this agreement on behalf of the Plaintiffs and Earthrise Law Center. Defendants' counsel

represent that they have been and are authorized to enter into this agreement on behalf of Defendants.

15. This document constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

By: ___[signature]___  Dated: 8/22, 2024
Liz Comerford
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219
Tel.: (503) 768-6894
Email: comerford@lclark.edu

Counsel for Plaintiffs and Earthrise Law Center


By: _____  Dated: _____, 2024
Pritam Singh
Governor, Sea Shepherd Legal
4800 South Road
S. Woodstock, VT, 05071-4702
Email: pritam@singhco.com

Sea Shepherd Legal

By: _____  Dated: Aug 22 2024
Pritam Singh

Governor, Sea Shepherd Legal
4800 South Road
S. Woodstock, VT, 05071-4702
Email: pritam@singhco.com

Sea Shepherd Legal

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

By: _____

PATRICIA M. McCARTHY
Director
(authorized representative of the Attorney General)

By: _____

STEPHEN C. TOSINI
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-5196
Email: stephen.tosini@usdoj.gov

Attorneys for Defendants

- 5 of 6 -

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

By: *CLAUDIA BURKE* (Digitally signed by CLAUDIA BURKE, Date: 2024.08.21 11:30:49 -04'00')
  for  _____
PATRICIA M. McCARTHY
Director
(authorized representative of the Attorney General)

By: *STEPHEN TOSINI* (Digitally signed by STEPHEN TOSINI, Date: 2024.08.21 10:39:46 -04'00')
  _____
STEPHEN C. TOSINI
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-5196
Email: stephen.tosini@usdoj.gov

Attorneys for Defendants